■ DENNIS LICKER et al., Respondents, v JAMES BRANGAN, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated November 3, 1989, which granted the plaintiffs' motion to set aside a jury verdict in the defendant's favor as against the weight of the evidence and granted a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

After the liability phase of the trial, the jury found that although the defendant was negligent, that negligence was not the proximate cause of the collision, and returned a verdict in his favor.

A Trial Judge should not set aside a verdict in favor of a defendant unless the jury could not have reached its verdict on any fair interpretation of the evidence *(see, Rice v Massalone,* 160 AD2d 861; *Nicastro v Park,* 113 AD2d 129). However, under the facts of this case there is no reason to disturb the Supreme Court's determination, because the jury could not reasonably have found that the injured plaintiff's own voluntary acts were the sole proximate cause of his injuries *(see, Zolli v Dubois,* 88 AD2d 951). The injured plaintiff was completely stopped on a southbound rain-slicked road in Hauppauge in the early afternoon, waiting to make a left turn. Even assuming that his car was jutting into defendant's westbound lane of travel, as the defendant claimed, it defies common sense to find that the defendant's own negligence had no substantial causal relationship to the collision. The defendant admitted that notwithstanding the wet conditions of the road, he applied his brakes at 30 miles per hour when he was only one to one and one-half car lengths from the intersection, in an attempt to make a right turn. He then went into a skid and ultimately struck the injured plaintiff's vehicle. While the jury might reasonably have concluded that the collision would not have occurred if the injured plaintiff's car had not been

where it was, that determination has to do with the comparative fault of the two drivers. Therefore, the trial court acted properly under CPLR 4404 (a) in setting aside the verdict as against the weight of the evidence (see, Carter v Smalls, 162 AD2d 431; Yacano v De Fayette, 67 AD2d 1059). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.