■ EDWIN C. STANTON, Plaintiff, and JOANNE STANTON, Appellant, v GASPORT VIEW DAIRY FARM, INC., et al., Respondents. [665 NYS2d 234] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Joanne Stanton (plaintiff) appeals from a judgment upon a jury verdict dismissing the complaint seeking damages for personal injuries plaintiff sustained when a motorcycle on which she was a passenger overturned. The jury found that defendants were negligent but that their negligence was not a cause of plaintiff's injuries. As instructed, the jury ceased deliberations after answering those two questions.

We agree with plaintiff that the verdict is against the weight

of the evidence. Upon our review of the record, we conclude that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Although a finding of causation "does not inevitably flow from a finding of culpable conduct" (*Gaston v Viclo Realty Corp.,* 215 AD2d 174, *lv denied* 87 NY2d 804, *cert denied* 517 US 1169), in this case it is logically impossible to find negligence without also finding causation (*see, Vera v Bielomatik Corp.,* 199 AD2d 132, 133; *Bucich v City of New York,* 111 AD2d 646). The jury found that defendants were negligent in depositing mud and liquid manure on the highway, or permitting it to remain there, and it is undisputed that the operator of the motorcycle lost control in attempting to avoid that material. Thus, the jury must have concluded that the accident was caused entirely by the negligence of the operator of the motorcycle or that plaintiff sustained no injury. Neither alternative is supported by the record. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Negligence.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.