JANE BRENON et al., Respondents, v TOPS MARKETS, INC., Appellant. (Appeal No. 1.) [735 NYS2d 435] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Kehoe, Gorski and Lawton, JJ.

 JANE BRENON et al., Respondents, v TOPS MARKETS, INC., Appellant. (Appeal No. 2.) [735 NYS2d 840] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's pretrial motion for summary judgment dismissing the complaint and defendant's motion for a directed verdict at the close of proof at trial. The fact that the dangerous condition that caused Jane Brenon (plaintiff) to fall was readily observable may relieve defendant of the duty to warn of that condition but does not negate the duty of defendant to keep its premises in a reasonably safe condition (*see, Williams v Chenango County Agric. Socy.,* 272 AD2d 906, 906-907; *Holl v Holl,* 270 AD2d 864).

The court directed a verdict for plaintiffs on the issue whether defendant's negligence, if any, was a proximate cause of plaintiff's injuries, and similarly directed a verdict for defendant on the issue whether plaintiff's comparative negligence, if any, was a proximate cause of those injuries. Defendant contends that the court erred in directing a verdict against it on the issue of causation. Although "[p]roximate cause is a question of fact for the jury where varying inferences are possible" (*Mirand v City of New York,* 84 NY2d 44, 51; *see, Ernest v Red Cr. Cent. School Dist.,* 93 NY2d 664, 674, *rearg denied* 93 NY2d 1042), "[w]here the evidence as to the cause of the accident which injured plaintiff is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury" (*Rivera*

*v City of New York,* 11 NY2d 856, 857, *rearg denied* 11 NY2d 1016, 12 NY2d 715). Here, the cause of the accident was undisputed, and no reasonable jury could have found that defendant's negligence, if any, was not a cause of plaintiff's injuries (*see, Boone v Hopkins, supra; Kovit v Estate of Hallums,* 261 AD2d 442, 443; *Stanton v Gasport View Dairy Farm,* 244 AD2d 893, 894; *Brecht v Copper Sands,* 237 AD2d 907). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Negligence.) Present—Pine, J. P., Wisner, Kehoe, Gorski and Lawton, JJ.