■ Anthony Aprea, Appellant, v Victor Franco et al., Respondents. [739 NYS2d 727] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.H.O.), entered January 29, 2001, which, upon a jury verdict in favor of the defendants and against him on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This action arose out of an accident which occurred when the plaintiff's van collided with the rear of a truck driven by the defendant Victor Franco and owned by the defendant Landscapes by Jeffco, Inc. The jury returned a verdict finding that Franco was negligent, but that his negligence was not a substantial factor in causing the accident. Judgment was entered dismissing the complaint, and this appeal ensued. We find unpersuasive the plaintiff's contentions that the evidence was legally insufficient to support the verdict in favor of the defendants, or, alternatively, that the verdict was against the weight of the evidence.

A verdict is not supported by legally sufficient evidence if there is no "valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Nicas-*

*tro v Park,* 113 AD2d 129). Here, there is a valid line of reasoning and permissible inferences which could lead a rational jury to conclude that the sole cause of the accident was the plaintiff's failure to exercise reasonable care in observing and reacting to the vehicle in front of him. Based on the evidence presented at trial, the jury appropriately found that a reasonable and prudent driver, upon observing the truck moving slowly and attempting to change lanes to make a U-turn, should have slowed down.

Moreover, it is well settled that a jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Nicastro v Park, supra* at 134 [internal quotation marks omitted]). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587). Here, the jury reasonably concluded that the defendant driver negligently operated his vehicle by moving slowly into the left lane, but that the sole proximate cause of the accident was the plaintiff's failure to exercise reasonable care and to observe that which was there to be seen, specifically, the truck moving slowly in front of him. As the jury's verdict was supported by a fair interpretation of the evidence, we decline to disturb it. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.