■ MANAIKA MORGAN-CABAN, Respondent, v ROBERT P. PACINI, Appellant. [743 NYS2d 639] —Appeal from an order of Supreme Court, Oneida County (Siegel, J.), entered April 4, 2001, which granted plaintiff's motion to set aside a verdict rendered in favor of defendant and ordered a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was traveling on Route 5 in the Town

of New Hartford when her vehicle hit a patch of ice, spun sideways, hit a guardrail, and eventually came to rest, sideways, in the passing lane. Defendant was unable to stop his vehicle, and his vehicle collided with the driver's side of plaintiff's vehicle. Following a trial, the jury returned a verdict in favor of defendant, finding that he was negligent but that his negligence was not a substantial factor in bringing about the accident. Supreme Court properly granted plaintiff's motion to set aside the verdict as against the weight of the evidence and ordered a new trial pursuant to CPLR 4404 (a). As a general rule, "a finding of negligence is not inconsistent with a finding of no proximate cause" (*Pimpinella v McSwegan,* 213 AD2d 232, 233). Here, however, we agree with the court that the issues of negligence and proximate cause are so "inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro,* 141 AD2d 525, 527; *see Stanton v Gasport View Dairy Farm,* 244 AD2d 893, 894; *cf. Martonick v Pudiak,* 285 AD2d 935, 936). Thus, the jury could not have reached its verdict on any fair interpretation of the evidence (*see Stanton,* 244 AD2d at 893-894; *Nicastro v Park,* 113 AD2d 129, 134). Present— Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.