■ Kenneth I. Klein, Respondent, v Mark Vencak et al., Appellants. [748 NYS2d 166] —In an action to recover damages for personal injuries, the defendants appeal, by permission, from an order of the Supreme Court, Nassau County (Alpert, J.), entered November 19, 2001, which granted the plaintiff's application pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor on the issue of liability, and granted a new trial.

Ordered that the order is affirmed, with costs.

This action arose out of a motor vehicle collision on a three-lane roadway. The defendant Diane Liguori Vencak (hereinafter Liguori Vencak) was the operator of a vehicle owned by the defendant Mark Vencak. The evidence adduced at trial revealed that Liguori Vencak exited a parking lot and immediately proceeded to cross the roadway. She did not see the plaintiff, who was traveling in the center lane on his motorcycle, and the two vehicles collided. The jury found that Liguori Vencak was negligent in the operation of the vehicle, but that her negligence was not a proximate cause of the accident. The Supreme Court granted the plaintiff's motion to set aside the verdict as against the weight of the evidence and granted a new trial. We affirm.

The Supreme Court properly granted the plaintiff's motion to set aside the verdict. It is well settled that a jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129). Liguori Vencak was obligated by the proper use of her senses to see the plaintiff's vehicle, which was in the roadway when she entered, and to yield the right of way (*see Batal v Associated Univs.,* 293 AD2d 558, 559; *Schiskie v Fernan,* 277 AD2d 441; *Pire v Otero,* 123 AD2d 611). Given the evidence presented at the trial, the jury verdict finding that Liguori Vencak's negligence was not a proximate cause of the accident did not rest upon a fair interpretation of the credible evidence, and a new trial therefore is warranted (*see Sullivan v Pampillonio,* 288 AD2d 299). Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.