■ MANUEL S. SALAZAR et al., Appellants, v CITY OF NEW YORK, Respondent. [755 NYS2d 423] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Sampson, J.), dated June 25, 2001, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against them, and direct that judgment be entered in their favor as a matter of law on the issue of liability, or to set aside the verdict as against the weight of the evidence, and (2) a judgment of the same court, dated October 10, 2001, which, upon the jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the order is vacated, that branch of the plaintiffs' motion which was to set aside the verdict as against the weight of the evidence is granted, the motion is otherwise denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs were injured when their vehicle was struck by a truck driven by an employee of the defendant City of New York at the "T" shaped intersection of Grand Avenue and 58th Place. Traffic on 58th Place, the road on which the City's employee was driving, was controlled by a stop sign at the intersection. The City's employee testified that he stopped at the stop sign, looked to his left and right down Grand Avenue, and not seeing any approaching traffic, proceeded to make a left hand turn. After completing approximately 90% of the turn, the City's truck collided with the driver's side of the plaintiffs' vehicle. The City's employee did not see the plaintiffs' vehicle prior to the collision.

The jury determined that the City was negligent but that its negligence was not a proximate cause of the accident. The plaintiffs appeal the Supreme Court's denial of their motion seeking, inter alia, to set aside the verdict as against the weight of the evidence.

It is well settled that a jury verdict should not be disturbed unless there is no fair interpretation of the evidence by which the jury could have reached its conclusion (*see Aprea v Franco,* 292 AD2d 478 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). Under the circumstances here, where the proof established that the defendant was negligent in failing to yield the right of way after a stop sign, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude that the defendant's violation of Vehicle and Traffic Law § 1142 (a) was not a substantial factor in causing the resulting collision (*see Sonaike v Jenious,* 285 AD2d 457 [2001]).

Accordingly, the judgment is reversed, the complaint is reinstated, the order is vacated, that branch of the plaintiffs' motion which was to set aside the verdict as against the weight of the evidence is granted, the motion is otherwise denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.