■ CHARLES BRUCALIERE et al., Appellants, v AMANDA GARLINGHOUSE, Respondent. [759 NYS2d 142] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an amended judgment of the Supreme Court, Dutchess County (Dillon, J.), dated May 9, 2002, which, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as against the weight of the evidence, or, in the alternative, for judgment in their favor as a matter of law, dismissed the complaint.

Ordered that the amended judgment is reversed, on the facts, the branch of the motion which was to set aside the verdict on the issue of liability as against the weight of the evidence is granted, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

We agree with the plaintiffs that the jury verdict was contrary to the weight of the credible evidence. It is well settled that a jury verdict should only be set aside as against the weight of the evidence when it could not have been reached upon any fair interpretation of the evidence (see Aprea v Franco, 292 AD2d 478 [2002]; Nicastro v Park, 113 AD2d 129, 133 [1985]). In this case, it cannot fairly be concluded that the defendant's negligent failure to yield to the plaintiffs' car, which was traveling through an intersection with the right-of-way, was not a proximate cause of the accident. While the plaintiff Charles Brucaliere admittedly exceeded the posted speed limit of 30 miles per hour in the vicinity of the intersection by 15 miles per hour, contrary to the jury's implicit conclusion, his negligence was not the sole proximate cause of the accident. Thus, a new trial is warranted pursuant to CPLR 4404 (a) (see Klein v Vencak, 298 AD2d 434 [2002]; Sullivan v Pampillonio, 288 AD2d 299 [2001]; Licker v Brangan, 177 AD2d 547 [1991]). The plaintiffs were not entitled to judgment as a matter of law in their favor as an issue of fact exists as to whether Charles Brucaliere was also at fault in causing the accident (see Batal v Associated Univs., 293 AD2d 558 [2002]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.