■ PETER WILKINS, Respondent, v ANTHONY P. DAVIS et al., Defendants, and JOY M. STEWART, Appellant. [759 NYS2d 358] —In an action to recover damages for personal injuries, the defendant Joy M. Stewart appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 13, 2002, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The action arises out of a motor vehicle accident that occurred on May 1, 1999, at the intersection of Avenue J and Brooklyn Avenue in Brooklyn. At the time of the collision the plaintiff, Peter Wilkins, was a passenger in a vehicle operated by the defendant Anthony P. Davis (hereinafter Davis), traveling south on Brooklyn Avenue. Joy M. Stewart, operating the other vehicle involved in the collision, was traveling east on Avenue J. At the intersection of these two streets, there was no traffic control device for vehicles traveling on Avenue J, while the traffic on Brooklyn Avenue was controlled by a stop sign. Davis admits that he did not stop for the sign.

In support of her motion for summary judgment, Stewart demonstrated her entitlement to judgment as a matter of law by establishing that Davis failed to stop for a stop sign and yield to cross traffic before proceeding into the intersection (see Vehicle and Traffic Law § 1142 [a]; and § 1172 [a]; *Disher v Ahern,* 294 AD2d 393 [2002]; *Puccio v Caputo,* 272 AD2d 387 [2000]; *Gillinder v Hemmes,* 298 AD2d 493 [2002]). Stewart, who had the right-of-way, was entitled to assume that Davis would obey the traffic laws requiring him to yield (see *Stiles v County of Dutchess,* 278 AD2d 304 [2000]; *Cenovski v Lee,* 266 AD2d 424 [1999]).

In response, the contention that there is a triable question of fact as to Stewart's negligence because she failed to see that which by the proper use of her senses she should have seen, is mere speculation, insufficient to defeat the motion (*see Parisi v Mitchell,* 280 AD2d 589 [2001]; *Szczotka v Adler,* 291 AD2d 444 [2002]).

Accordingly, the Supreme Court should have granted Stewart's motion for summary judgment dismissing the complaint insofar as asserted against her. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.