■ WILLIAM MISA, Appellant, v ANTHONY FILANCIA, JR., et al., Respondents. [769 NYS2d 404]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered June 26, 2002, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability as against the weight of the evidence, for judgment as a matter of law on the issue of liability, and for a hearing to apportion liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to set aside the jury verdict on the issue of liability as against the weight of the evidence and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability.

The plaintiff was a passenger in a vehicle driven by the defendant, Anthony Filancia, Jr., on Woodhaven Boulevard. Filancia made an abrupt stop to avoid colliding with a bus in the lane in front of him, and his vehicle was struck in the rear by a vehicle driven by the defendant Dennis M. Harvey. The jury found that both defendants were negligent but that their negligence was not the proximate cause of the accident. The plaintiff moved to set aside the verdict as against the weight of the evidence and for judgment as a matter of law on the issue of liability. We conclude that the Supreme Court erred in denying that branch of the plaintiff's motion which was to set aside the verdict as against the weight of the evidence.

"A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Schaefer v Guddemi,* 182 AD2d 808, 809 [1992] [internal quotation marks omitted]; *see Rubin v Pecoraro,* 141 AD2d 525 [1988]).

Here, the Supreme Court charged the jury that a finding of negligent conduct with respect to each defendant could be based, inter alia, on the failure to keep a proper lookout or to maintain a safe distance between the vehicles (*see* Vehicle and Traffic Law § 1129 [a]). Under the circumstances, the issues of negligence and proximate cause were so inextricably interwoven that it was logically impossible for the jury to find that both defendants were negligent without also finding that the negligence of at least one of them was a proximate cause of the accident (*see Salazar v City of New York,* 302 AD2d 580 [2003]; *Klein v Vencak,* 298 AD2d 434 [2002]; *Morgan-Caban v Pacini,* 295 AD2d 931 [2002]). Accordingly, there must be a new trial on the issue of liability.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.