■ ANTHONY LAGANA, Appellant, v ALVAH K. FOX, Respondent. [776 NYS2d 298]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered May 23, 2003, which, upon a jury verdict in favor of the defendant on the issue of liability and the denial of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

We agree with the plaintiff that the jury verdict was contrary to the weight of the credible evidence. It is well settled that a jury verdict should not be disturbed unless there is no fair interpretation of the evidence by which the jury could have reached its conclusion (*see Salazar v City of New York,* 302 AD2d 580 [2003]; *Aprea v Franco,* 292 AD2d 478 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). In this case, it cannot fairly be concluded that the defendant's negligent failure to yield to the plaintiff's vehicle, which was traveling through an intersection with the right-of-way, was not a proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; *Brucaliere v Garlinghouse,* 304 AD2d 782 [2003]; *Salazar v City of New York, supra* at 581; *Batal v Associated Univs.,* 293 AD2d 558 [2002]). The plaintiff was entitled to assume that the defendant would obey the traffic laws requiring him to stop and yield the right of way (*see Klein v Byalik,* 1 AD3d 399, 400 [2003]; *Wilkins v Davis,* 305 AD2d 584 [2003]). Such violations constituted negligence as a matter of law and could not be disregarded by the jury (*see Hellenbrecht v Radeker,* 309 AD2d 834 [2003]; *Del-*

*lavecchia v Zorros,* 231 AD2d 549 [1996]). Contrary to the jury's implicit conclusion, the plaintiff's alleged speeding could not therefore have been the sole proximate cause of the accident (*see Brucaliere v Garlinghouse, supra* at 782; *Batal v Associated Univs., supra* at 559). Accordingly, a new trial is warranted. H. Miller, J.P., Goldstein, Adams and Cozier, JJ., concur.