■ DENISE L. GARRETT, Plaintiff, and JANE MILLMAN, Appellant, v KARO MANASER, Respondent. [779 NYS2d 565]—

In an action to recover damages for personal injuries, the plaintiff Jane Millman appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Harkavy, J.), dated July 25, 2003, as, upon a jury verdict in favor of the defendant and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against her, dismissing her complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability as to the plaintiff Jane Millman, with costs to abide the event.

The plaintiff Jane Millman allegedly was injured when her motor vehicle collided with a motor vehicle driven by the defendant at the intersection of Avenue X and East 22nd Street in Brooklyn. Traffic on East 22nd Street, where the defendant was driving, was controlled by a stop sign at the intersection. The defendant testified that he stopped his vehicle at the stop sign and, because his view of traffic on Avenue X was blocked by a double-parked truck, he "nosed out" into the intersection. He saw Millman's vehicle traveling east on Avenue X and stated that it had not reached the intersection when he first saw it. Millman testified that she saw the defendant's vehicle on East 22nd Street before it reached the intersection and that, the next thing she knew, it was right in front of her and she collided with it. Millman's passenger testified that the defendant failed to stop at the stop sign.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Aprea v Franco,*

292 AD2d 478 [2002]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Misa v Filancia,* 2 AD3d 810, 811 [2003]; *Salazar v City of New York,* 302 AD2d 580, 581 [2003]). Under the circumstances of this case, where the proof established that the defendant was negligent in entering the intersection without a clear view of the traffic on Avenue X and in failing to yield the right-of-way after a stop sign, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude that the defendant's violation of Vehicle and Traffic Law § 1142 (a) or § 1172 (a) was not a substantial factor in causing the accident (*see Lagana v Fox,* 6 AD3d 583 [2004]; *Misa v Filancia, supra; Salazar v City of New York, supra; cf. Sonaike v Jenious,* 285 AD2d 457, 458 [2001]).

Millman failed to preserve her argument that she is entitled to judgment as a matter of law (*see Miller v Miller,* 68 NY2d 871, 873 [1986]; *Sanford v Woodner Co.,* 304 AD2d 813, 814 [2003]). She failed to move pursuant to CPLR 4401 for judgment at the close of the evidence. The motion was made only on behalf of the plaintiff Denise L. Garrett. By failing to move for a directed verdict pursuant to CPLR 4401 on the issue of negligence at the close of the evidence, Millman implicitly conceded that the issue was for the trier of fact (*see Miller v Miller,* 68 NY2d 871, 873 [1986]; *Sanford v Woodner Co.,* 304 AD2d 813, 814 [2003]; *Hurley v Cavitolo,* 239 AD2d 559 [1997]). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a new trial as to Millman. Prudenti, P.J., Townes, Crane and Lifson, JJ., concur.