■ ELVIRA KARSDON, Respondent-Appellant, v ROBERT F. BARRINGER et al., Appellants-Respondents, et al., Defendant. [799 NYS2d 548]—

In an action to recover damages for personal injuries, (1) the defendants Robert F. Barringer and Alice Barringer appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J., at the liability trial; Dabiri, J., at the damages trial), dated December 23, 2003, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the sums of $250,000 for past pain and suffering and $0 for future pain and suffering, and upon an order of the same court (Dabiri, J.) dated October 27, 2003, denying the plaintiff's motion to set aside the damages award as against the weight of the evidence, is in favor of the plaintiff and against them in the principal sum of $250,000, and (2) the plaintiff cross-appeals, as limited by her brief, on the ground of inadequacy, from so much of the same judgment as awarded her $0 damages for future pain and suffering.

Ordered that the judgment is reversed, on the law and facts, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issues of liability and damages as to the defendants Robert F. Barringer and Alice Barringer, and the plaintiff's comparative negligence, with costs to abide the event.

On the night of May 31, 1999, the plaintiff was injured when she fell into an open cellar stairwell outside a house in Ulster County owned by the defendants Robert F. Barringer and Alice Barringer (hereinafter the defendant owners). At trial, the plaintiff testified that she went to the house to visit a friend who was leasing the premises from the defendant owners. After the plaintiff and her friend had dinner, the plaintiff's friend became engaged in a telephone call, and the plaintiff stepped outside for fresh air. Two or three minutes later, when the plaintiff tried to return inside, she realized that the front door had locked behind her. Although the plaintiff knocked repeatedly on the door, her friend did not respond. At this point the

plaintiff, who was still holding a glass of wine left over from dinner, decided to walk around the side of the house to reach the kitchen door. According to the plaintiff, it was so dark outside that she had to use her hands to feel her way along the side of the house. Before the plaintiff could reach the kitchen door, she fell into the open cellar stairway, which was not illuminated. As a result of her accident, the plaintiff suffered a comminuted fracture of her right tibia.

At the conclusion of the liability phase of the bifurcated trial, the jury returned a verdict finding that the defendant owners had been negligent, and that their negligence was a substantial factor in causing the accident. Although the jury also found that the plaintiff had been negligent, it concluded that her negligence was not a substantial factor in causing the accident. The defendant owners moved to set aside the liability verdict, arguing that the finding that the plaintiff's negligence was not a substantial factor in causing the accident was against the weight of the evidence. However, the court denied their motion, noting that the issue of proximate cause was a factual one for the jury to determine.

On appeal the defendant owners assert that the verdict finding that the plaintiff was negligent, but that her negligence was not a substantial factor in causing the accident, is against the weight of the evidence. We agree. "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser,* 8 AD3d 616, 617 [2004]; *see Misa v Filancia,* 2 AD3d 810 [2003]; *Perez v Audubon at 186th St.,* 1 AD3d 492 [2003]; *Bennett v City of New York,* 303 AD2d 614 [2003]). In the present case, where the jury's finding of negligence was supported by the plaintiff's testimony that the accident occurred while she was attempting to feel her way around the side of the house in total darkness, its further finding that this negligence was not a substantial factor in causing the accident could not have been reached upon a fair interpretation of the evidence (*see Garrett v Manaser, supra; Perez v Audubon at 186th St., supra; McCollin v New York City Hous. Auth.,* 307 AD2d 875 [2003]; *Bennett v City of New York, supra*).

Since we are directing a new trial, we further note that the court erred in precluding defense counsel from commenting on summation regarding testimony that the plaintiff had consumed up to half a bottle of wine at dinner prior to the accident. While this testimony did not establish that the plaintiff was intoxi-

cated, it was relevant to the issue of whether she was fully attentive to her surroundings when the accident occurred (*see Huerta v New York City Tr. Auth.,* 290 AD2d 33, 42 [2001]).

Under the circumstances of this case, we find it appropriate to grant a new trial on all issues of liability and damages, including the failure to award future damages to the plaintiff.

The defendant owners' remaining contentions are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.