■ BENOIT LALLEMAND, Respondent, v WILLIAM J. COOK, Appellant. [806 NYS2d 619]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated February 28, 2005, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury

verdict in his favor on the issue of liability and directed a new trial.

Ordered that the order is affirmed, with costs.

"It is well settled that a jury verdict should not be disturbed unless there is no fair interpretation of the evidence by which the jury could have reached its conclusion" (*Salazar v City of New York,* 302 AD2d 580, 581 [2003]; *see Nicastro v Park,* 113 AD2d 129 [1985]). "A verdict is not supported by legally sufficient evidence if there is no 'valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Aprea v Franco,* 292 AD2d 478 [2002], quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]).

Moreover, "[a] jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser,* 8 AD3d 616, 617 [2004]; *see Misa v Filancia,* 2 AD3d 810 [2003]). Under the circumstances of this case, the defendant's entrance into traffic from a driveway without yielding the right of way as required (*see* Vehicle and Traffic Law § 1143) was negligence as a matter of law and a proximate cause of the accident (*see Ferrara v Castro,* 283 AD2d 392, 393 [2001]; *Palumbo v Holtzer,* 235 AD2d 409 [1997]). The plaintiff was entitled to anticipate that the defendant would obey the traffic laws that required him to yield and, contrary to the jury's implicit conclusion, the plaintiff's alleged speeding could not have been the sole proximate cause of the accident (*see Lagana v Fox,* 6 AD3d 583, 584 [2004]). Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.