■ JOHN JONES, Respondent, v BRENDA RADEKER et al., Appellants. [820 NYS2d 321]—

In an action to recover damages for personal injuries, the

defendants appeal from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated December 22, 2004, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against them on the issue of liability as against the weight of the evidence and for a new trial, and (2) a judgment of the same court dated March 28, 2005, which, upon the jury verdict on the issue of liability and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff and against them in the total sum of $325,457.40.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issues of the plaintiff's comparative negligence and apportionment of fault, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to abide the event of a new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured when the vehicle he was operating was struck by the defendants' vehicle when the plaintiff made a right turn at a red traffic signal onto the roadway the defendants' vehicle was traveling on. Based upon the evidence presented at this liability trial, the jury determined that the plaintiff was negligent in violating Vehicle and Traffic Law § 1111 (d) (2) (a) but that his negligence was not a substantial factor in causing the accident.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]).

Under the circumstances of this case, the jury's determination that the plaintiff negligently entered the intersection in

violation of Vehicle and Traffic Law § 1111 (d) (2) (a) by making a right turn at a red traffic signal without yielding the right-of-way to the defendants, but that such negligence was not a substantial factor in causing the accident, was against the weight of the evidence. The plaintiff's entrance into the intersection in violation of Vehicle and Traffic Law § 1111 (d) (2) (a) constituted negligence per se (*see Hellenbrecht v Radeker,* 309 AD2d 834, 835 [2003]) and was a proximate cause of the accident (*see Lallemand v Cook,* 23 AD3d 533 [2005]; *Garrett v Manaser, supra; Misa v Filancia,* 2 AD3d 810 [2003]). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.