■ GENEVIEVE CARTICA, Appellant, v ELIZABETH F. KIELTYKA, Respondent, et al., Defendants. [865 NYS2d 284]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered January 30, 2007, as, upon a jury verdict in favor of the defendant Elizabeth Kieltyka and against her on the issue of liability, and upon the denial of those branches of her motion pursuant to CPLR 4404 which were to set aside the verdict in favor of that defendant and for judgment as a matter of law against that defendant, is in favor of that defendant and against her, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, those branches of the

plaintiff's motion pursuant to CPLR 4404 which were to set aside the verdict in favor of the defendant Elizabeth Kieltyka and against the plaintiff and for judgment as a matter of law against that defendant are granted, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages against that defendant.

The plaintiff allegedly was injured when a motor vehicle operated by the defendant Elizabeth Kieltyka, in which she was a passenger, collided with a motor vehicle driven by the defendant James Gittens at the intersection of Arthur Street and Warburton Avenue in Yonkers. Traffic on Arthur Street, where Kieltyka was driving, was controlled by a stop sign. Kieltyka testified at trial that she stopped her vehicle at the stop sign and, because her view of traffic on Warburton Avenue was blocked by a double-parked truck, she inched out into the intersection. Upon inching out, Kieltyka collided with Gitten's vehicle that was operating with the right-of-way on Warburton Avenue.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Aprea v Franco,* 292 AD2d 478 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). "A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Misa v Filancia,* 2 AD3d 810, 811 [2003] [internal quotation marks omitted]). Under the circumstances of this case, where the proof established that Kieltyka was negligent in entering the intersection without a clear view of the traffic on Warburton Avenue and in failing to yield the right-of-way after a stop sign, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude that Kieltyka's violation of Vehicle and Traffic Law § 1142 (a) or § 1172 was not a substantial factor in causing the accident (*see Garrett v Manaser,* 8 AD3d 616, 617 [2004]).

Since there was no evidence from which the jury could infer that the plaintiff was in any way at fault in causing the accident, the plaintiff is entitled to a judgment as a matter of law on the issue of liability against Kieltyka (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]).

The plaintiff's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.