■ James Salter, Respondent, v Pierre M. St. Preux, Appellant. [883 NYS2d 535]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 30, 2008, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this personal injury action after he was struck by an automobile driven by the defendant. At trial, the plaintiff testified that on a clear morning, when the roads were dry, he was riding his bicycle eastbound on a street in Brooklyn. He also testified that while he was proceeding straight in his lane, an automobile suddenly came into contact with the back of his bicycle. The defendant did not present any evidence at trial.

The jury specifically found, inter alia, that the defendant was not negligent. However, the Supreme Court properly determined that the jury verdict finding that the defendant was not negligent could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). Accordingly, the Supreme Court properly granted that branch of

the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial (*see Finkel v Benoit*, 211 AD2d 749, 750 [1995]; *Carter v Smalls*, 162 AD2d 431, 432 [1990]). Florio, J.P., Miller, Covello and Austin, JJ., concur. [*See* 19 Misc 3d 1126(A), 2008 NY Slip Op 50885(U).]