■ Darlene Amaral, Appellant, v Brittany Reph et al., Respondents. [896 NYS2d 81]—

In an action to recover damages for personal injuries, the plaintiff, appeals from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered March 16, 2009, as denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability as against the weight of the evidence and for a new trial.

Ordered that the order is reversed on the law and the facts, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a new trial.

The plaintiff and the defendant Brittany Reph (hereinafter the defendant) were involved in a vehicular collision at the intersection of Old Country Road and New South Road in Nassau County. The defendant was traveling westbound on Old Country Road and intended to make a left turn onto New South Road. A traffic light governed the flow of traffic at the intersection. The defendant testified that as her vehicle approached the intersection, the light was green in her favor and she entered the intersection, waiting for a safe opportunity to make a left turn. She testified that while waiting, the light turned red, at which time she proceeded to make the left turn. As she crossed into the intersection, her car collided with the automobile driven by the plaintiff, who was proceeding eastbound on Old Country Road. The defendant testified further that she made her left turn in front of the plaintiff's vehicle when the plaintiff's vehicle was already in the intersection, and that the plaintiff, who was allegedly traveling at an excessive rate of speed, "ran" the red light prior to the collision.

In its charge to the jury, the trial court gave instructions regarding the duty of drivers at intersections governed by traffic-control signals pursuant to Vehicle and Traffic Law §§ 1110 and 1111, and the duty of drivers to yield the right-of-way when making a left turn pursuant to Vehicle and Traffic Law § 1141. The jury returned a verdict finding that the defendant was negligent in the operation of her vehicle, but that her negligence was not a substantial cause of the accident. The plaintiff, inter alia, moved pursuant to CPLR 4404 (a), to set aside the verdict as against the weight of the evidence. The trial court denied the motion. We reverse.

"A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Zhagui v Gilbo*, 63 AD3d 919, 919 [2009], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Price v Grant*, 60 AD3d 746 [2009]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Misa v Filancia*, 2 AD3d 810 [2003]). Evaluating the jury's determination in this case in light of the evidence presented at trial and the court's instructions to the jury, as well as the extent to which the issue of negligence was interwoven with the issue of causation in this case (*see Lallemand v Cook*, 23 AD3d 533 [2005]), we conclude that the verdict could not have been reached "on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Healy v Carmel Bowl, Inc.*, 65 AD3d 665 [2009]; *Abdelkader v Shahine*, 66 AD3d 615 [2009]; *Lagana v Fox*, 6 AD3d 583 [2004]; *Aprea v Franco*, 292 AD2d 478 [2002]), since the plaintiff's negligence was not the sole proximate cause of the accident (*see Cartica v Kieltyka*, 55 AD3d 523 [2008]; *Jones v Radeker*, 32 AD3d 494 [2006]; *Yondola v Trabulsy*, 22 AD3d 483 [2005]; *Szymanski v Holenstein*, 15 AD3d 941 [2005]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Misa v Filancia*, 2 AD3d 810 [2003]; *see also Lagana v Fox*, 6 AD3d 583 [2004]; *Brucaliere v Garlinghouse*, 304 AD2d 782 [2003]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.