(April 27, 2010)

■ IRMA ALLI, Appellant, v STEVEN LUCAS, Respondent, et al., Defendant. [902 NYS2d 104]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (James Golia, J.), entered May 6, 2009, as, upon a jury verdict in favor of the defendant Steven Lucas and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of that defendant and against her, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The plaintiff was struck by a vehicle being driven by the defendant Steven Lucas (hereinafter the defendant) as she was crossing the "T" intersection of Hillside Avenue and 195th Street in Queens. It is undisputed that there is no marked crosswalk extending across Hillside Avenue at its intersection with 195th Street, and that there is no traffic control device for motorists driving on Hillside Avenue at that location. At trial

the plaintiff testified that she had no memory of what occurred after she stepped off the median separating the eastbound and westbound lanes of traffic on Hillside Avenue, and began to cross the westbound side of the roadway. The defendant, who was driving in the middle westbound lane of Hillside Avenue when the collision occurred, testified that he did not see the plaintiff attempting to cross the roadway until a delivery truck in front of him suddenly swerved to the left, at a point when two other vehicles were traveling on either side of the defendant's vehicle. In contrast, an eyewitness who observed the defendant's vehicle strike the plaintiff testified that he did not recall seeing a truck traveling in front of the defendant's vehicle, and that the only vehicle he observed was the defendant's vehicle.

At the conclusion of the trial the jury returned a verdict finding that the defendant was negligent, but that his negligence was not a substantial factor in causing the accident. The plaintiff then moved pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, and the Supreme Court denied her motion. We reverse.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see also Cartica v Kieltyka*, 55 AD3d 523, 524 [2008]). "A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Zhagui v Gilbo*, 63 AD3d 919, 919 [2009], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Amaral v Reph*, 70 AD3d 613 [2010]; *Cartica v Kieltyka*, 55 AD3d at 524). Under the circumstances of this case, where it can be inferred from the jury's finding of negligence that it did not credit the defendant's account of how the accident happened, the finding that the defendant's negligence was not a proximate cause of the accident did not rest upon a fair interpretation of the credible evidence (*see Powell v Tuyn*, 306 AD2d 335, 336 [2003]; *see also Amaral v Reph*, 70 AD3d 613 [2010]; *Cartica v Kieltyka*, 55 AD3d at 524; *Panariello v Ballinger*, 248 AD2d 452, 453 [1998]).

Furthermore, since there was sufficient evidence adduced at trial from which the jury could have reasonably concluded that the plaintiff was within an unmarked cross walk when the accident occurred (*see Kochloffel v Giordano*, 99 AD2d 798, 799 [1984]), the Supreme Court should have granted the plaintiff's

request to charge the jury with respect to a motorist's obligation to yield the right-of-way pursuant to 34 RCNY 4-04 (b) (1) (*see Fan v Buzzitta*, 42 AD2d 40 [1973]).

The plaintiff's remaining contention is without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur.