■ ROBERT JOHN JORDAN, JR., Respondent-Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants-Respondents. [919 NYS2d 96]—

A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Cedeno v McNulty*, 39 AD3d 683, 683 [2007]; *Nicastro v Park*, 113 AD2d 129 [1985]). While great deference must be accorded to the credibility determinations of the jury, "a trial court's discretion to set aside the verdict is at its broadest when it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor" (*Barbieri v Vokoun*, 72 AD3d 853, 855 [2010] [internal quotation marks and citations omitted]; *see Nicastro v Park*, 113 AD2d at 136).

The Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence did not support the jury's finding that the defendant driver was free from negligence in the operation of his motor vehicle and the happening of the accident. The plaintiff testified that the defendant driver sped through a stop sign and failed to yield the right-of-way to the plaintiff, causing the accident. Both the plaintiff, who was familiar with the intersection where the accident occurred, and an employee of a business located at that intersection testified that the defendant driver had a stop sign in the direction in which he was traveling. The defendant driver, who did not remember the details of the accident, could not recall whether there was a stop sign at the relevant corner. Moreover, video footage from two surveillance cameras depicting the accident is dark, blurry, and inconclusive on the issues of whether the stop sign existed on the relevant corner and whether it was not visible on the night in question. Thus, under the circumstances of this case, the Supreme Court properly set aside the

jury verdict and directed a new trial. The plaintiff, however, is not entitled to judgment as a matter of law in his favor, as issues of fact exist as to whether he also was at fault in causing the accident (*see Casaregola v Farkouh*, 1 AD3d 306, 307 [2003]; *Brucaliere v Garlinghouse*, 304 AD2d 782 [2003]; *Batal v Associated Univs.*, 293 AD2d 558, 560 [2002]; *Rockman v Brosnan*, 280 AD2d 591, 592 [2001]).

Since a new trial was granted, we note that the Supreme Court erred in issuing the missing or obscured stop sign charge to the jury, but that it was proper for the court to admit into evidence the testimony, business records, and photographs offered by a Port Authority Central Automotive Division employee (*see* CPLR 4518 [a]; *Cubeta v York Intl. Corp.*, 30 AD3d 557, 561 [2006]; *Morgan v Pascal*, 274 AD2d 561, 561 [2000]; *cf. Colon v Futterman*, 222 AD2d 548, 549 [1995]). Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.