In two related actions, inter alia, to recover damages for injury to property, which were joined for trial, the defendants in Action No. 2 appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated April 7, 2011, which granted the motion of the plaintiff in action No. 2 pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of them as contrary to the weight of the evidence, and for a new trial in action No. 2.
Ordered that the order is affirmed, with costs.
On the afternoon of August 7, 2005, Daisy Echeverría was driving eastbound in the left lane of Merrick Road when her vehicle collided with a bus owned by MTA Long Island Bus, and operated by Magally Registre (hereinafter together the MTA defendants). The impact of the collision caused the bus to veer off the roadway, and allegedly damage several parked cars owned by the New York Kar Store, Inc. (hereinafter the Kar Store). The Kar Store subsequently commenced an action against Echeverría and the MTA defendants seeking to recover damages for injury to property, which was joined for trial with a pending related action commenced by Echeverría against the MTA defendants. At trial, Echeverría testified that she was driving in the left travel lane of Merrick Road when she passed the bus while it was stopped at a bus stop in the right parking lane. After she last saw the bus, Echeverría drove about half a block, and was still driving in the left lane when the bus hit the back of the right front wheel of her car. The bus driver did not testify at the trial, and the only evidence offered by the MTA defendants was the testimony and report of a bus dispatcher, who maintained that at the scene of the accident, Echeverría told him that the wheels on her car had “locked up,” causing her to lose control and hit the left front wheel of the bus. At the conclu *589 sion of the trial, the jury returned a verdict in favor of the MTA defendants, finding that they were not negligent in the happening of the accident. The Kar Store thereafter moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, and for a new trial, and the Supreme Court granted its motion.
Contrary to the contention of the MTA defendants, no fair interpretation of the evidence supports a finding that they were entirely free from negligence in the happening of the accident (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 133-134 [1985]). Echeverría’s trial testimony that the front right wheel of her vehicle was struck while she was driving in the left lane supports a conclusion that the bus driver pulled out of the bus stop into the right travel lane of Merrick Road, and then began to enter the left travel lane at a point when it was unsafe to do so. Echeverría’s alleged admission that her wheels locked causing her to lose control of her vehicle did not contradict her testimony that her vehicle remained in the left travel lane at all times. Under these circumstances, the Supreme Court properly granted the Kar Store’s motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, and for a new trial in action No. 2 (see Jordan v Port Auth. of N.Y. & N.J., 82 AD3d 936, 937 [2011]; Barbieri v Vokoun, 72 AD3d 853, 855-856 [2010]; Salter v St. Preux, 63 AD3d 902 [2009]).
The MTA defendants’ remaining contention is without merit. Eng, RJ., Rivera, Hall and Sgroi, JJ., concur.