■ Zulma Cruz et al., Appellants, v Violet Jeffrey, Respondent. [30 NYS3d 298]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Agate, J.), entered March 9, 2015, which, upon a jury verdict in favor of the defendant and against them on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The plaintiffs, who were pedestrians, were struck by the defendant's vehicle as the defendant was turning right out of a parking lot on 71st Avenue in Queens. The defendant testified at trial that before pulling out of the parking lot and into the street, she looked to her right and to her left. She did not look back to her right as she began turning. The defendant had driven in that area many times before and had seen pedestrians crossing 71st Avenue to access the parking lot. Meanwhile, the plaintiffs were attempting to walk cross 71st Avenue mid-block to access the parking lot from which the defendant was exiting. The plaintiffs were not using a crosswalk.

The plaintiff Zulma Cruz testified at trial that she looked both ways before she began crossing the street, that she stopped halfway across the street and again looked both ways, and that she saw the defendant's car stopped at the exit to the

parking lot. Cruz saw that the defendant was looking in the other direction, but she believed that the defendant was stopped to wait for the plaintiffs to finish crossing the street. The plaintiff Wilfredo Cintron testified that he looked both ways before he began crossing the street, that he did not stop halfway across the street, and that he did not see the defendant's car before the accident.

The jury found that the defendant was negligent, but that her negligence was not a proximate cause of the accident. The plaintiffs moved to set aside the verdict as contrary to the weight of the evidence and for a new trial, and the Supreme Court denied their motion. We reverse and grant the plaintiffs' motion.

As the plaintiffs correctly contend, the jury's determination that the defendant's negligence was not a proximate cause of the accident did not rest upon any fair interpretation of the evidence (*see Alli v Lucas*, 72 AD3d 994, 995 [2010]). The issues of negligence and proximate cause are so inextricably interwoven in this case that the jury's finding that the defendant was negligent cannot be reconciled with its finding that the negligence was not a proximate cause of the accident (*see Lauretta v Baseball Heaven, LLC*, 135 AD3d 913 [2016]; *cf. Zhagui v Gilbo*, 63 AD3d 919, 919 [2009]). That is, the defendant admitted that she turned right out of a parking lot while looking to her left despite the fact that she knew that pedestrians crossed 71st Avenue at that location to access the parking lot from which she was exiting. Notwithstanding any negligence on the part of the plaintiffs, the defendant's negligence in driving in one direction while looking in the other direction and thereby failing to see pedestrians who were there to be seen in the middle of the street was a substantial, not a slight or trivial, cause of this accident (*see Larsen v Spano*, 35 AD3d 820, 822 [2006]). Accordingly, although the plaintiffs may also have been negligent, no fair interpretation of the evidence supports the jury's finding that the defendant's negligence was not a proximate cause of the accident. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.