■ JOSEPH J. MANCINI, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY, Doing Business as MTA LONG ISLAND BUS, et al., Respondents. [55 NYS3d 137]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (McCormack, J.), dated June 30, 2014, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint, and (2) an order of the same court entered October 8, 2014, which denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the judgment is vacated; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a motor vehicle accident that occurred on July 1, 2008, at the intersection of Northern Boulevard and Middle Neck Road, in the Village of Lake Success. The plaintiff was traveling westbound on Northern Boulevard, and intended to travel straight through the intersection, when his vehicle collided with a bus operated by the defendant Eric S. Puntarich, who was employed by the defendant Metropolitan Suburban Bus Authority, doing business as MTA Long Island Bus. Puntarich was traveling eastbound on Northern Boulevard at the time of the accident, and intended to make a left turn onto Middle Neck Road. A traffic light governed the flow of traffic at the intersection. The

plaintiff testified that the light was green in his favor as he entered the intersection, and Puntarich testified that there was a green arrow signal in his favor when he made his left turn.

After trial, the jury returned a verdict finding that Puntarich was negligent, but that his negligence was not a substantial cause of the accident. A judgment dismissing the complaint was thereafter entered. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the plaintiff's motion. The plaintiff appeals from the judgment and the order.

"A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Zhagui v Gilbo*, 63 AD3d 919, 919 [2009], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Price v Grant*, 60 AD3d 746 [2009]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Misa v Filancia*, 2 AD3d 810 [2003]). Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was to set aside the verdict as contrary to the weight of the evidence, as the finding that Puntarich's negligence was not a proximate cause of the accident did not rest upon a fair interpretation of the credible evidence (*see Alli v Lucas*, 72 AD3d 994, 995 [2010]; *Amaral v Reph*, 70 AD3d 613, 614 [2010]; *Cartica v Kieltyka*, 55 AD3d 523, 524 [2008]; *Garrett v Manaser*, 8 AD3d at 617; *Powell v Tuyn*, 306 AD2d 335, 335-336 [2003]; *Klein v Vencak*, 298 AD2d 434, 435 [2002]). However, that branch of the plaintiff's motion which was to set aside the verdict and for judgment as a matter of law was properly denied, as issues of fact exist as to whether the plaintiff also was at fault in causing the accident (*see Jordan v Port Auth. of N.Y. & N.J.*, 82 AD3d 936, 938 [2011]; *Brucaliere v Garlinghouse*, 304 AD2d 782, 782 [2003]; *Batal v Associated Univs.*, 293 AD2d 558, 560 [2002]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Chambers, J.P., Austin, Roman and Barros, JJ., concur.