■ Felipe Hernandez et al., Appellants, v Carter and Parr Mobile, Inc., Respondent. [638 NYS2d 686] —In an action to recover damages for personal injuries, etc., sustained as a result of a dog bite, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered September

27, 1994, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiffs' contention that they are entitled to judgment as a matter of law. The jury verdict in favor of the defendant should not be set aside and judgment granted to the plaintiffs unless there is no valid line of reasoning by which the jury could have reached its conclusion (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129). In this instance, the jury had a valid basis upon which it could find for the defendant. Therefore, there is no basis to overturn its verdict and grant judgment to the plaintiffs.

The plaintiffs are not entitled to a new trial on the ground that the verdict is against the weight of the evidence. It is beyond cavil that the determination of the jury which observed the witnesses and the evidence is entitled to great deference. We find that the jury's determination in favor of the defendant was based upon a fair interpretation of the evidence and we reject the plaintiffs' contention that the verdict is against the weight of the evidence (see, e.g., Greenberg v Behlen, 220 AD2d 720; Nicastro v Park, supra).

We reject the plaintiffs' contention that the Supreme Court's failure to grant their motion for a unified trial requires a reversal of the judgment. While it is ordinarily the better practice to direct a unified trial in cases involving dog bites, any such error in failing to do so here was harmless since the plaintiffs were permitted to sufficiently explore both the nature and extent of the injuries to the plaintiff Felipe Hernandez as well as how those injuries were allegedly inflicted (see, Hayden v Sieni, 196 AD2d 573; Lynch v Nacewicz, 126 AD2d 708).

The plaintiffs' remaining contention is unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.