■ GLADYS M. HAND, Respondent, v MICHAEL GILBANK, Appellant. [752 NYS2d 501] —Appeal from an order of Supreme Court, Onondaga County (Carni, J.), entered April 9, 2002, which denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant to the extent that it sought summary judgment dismissing the claim of negligence premised upon his alleged discrimination against plaintiff, a handicapped person, in violation of the Fair Housing Act (42 USC § 3601 *et seq.*) and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a tenant in a two-family dwelling owned by defendant, commenced this action to recover damages for injuries she sustained as she attempted to walk up the driveway leading to the rear entrance of the dwelling. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion in part, dismissing the claim that plaintiff's injuries resulted from defendant's alleged negligence in failing to remove an accumulation of snow and ice on the driveway. Contrary to the contention of defen-

dant, the court properly denied his motion to the extent that it sought summary judgment dismissing the claim that plaintiff's injuries resulted from his negligent failure to maintain or repair the driveway surface or to provide a safe means of ingress and egress. "Defendant[ ] failed to sustain [his] burden of demonstrating [his] entitlement to judgment as a matter of law on the issues whether the premises were negligently maintained in a defective or hazardous condition, whether [he] had [actual or] constructive notice of that alleged defect or hazard, and whether the alleged defect or hazard caused or contributed to plaintiff's injuries" (*Gonzalez v Padin,* 299 AD2d 954, 954). Contrary to the further contention of defendant, his alleged violation of the State Uniform Fire Prevention and Building Code (9 NYCRR part 600 *et seq.*) may be considered as some evidence of negligence (*see Hill v Cartier,* 258 AD2d 699, 701; *see generally Elliott v City of New York,* 95 NY2d 730, 734).

We agree with defendant, however, that the court erred in failing to grant his motion to the extent that it sought summary judgment dismissing the claim of negligence premised upon his alleged discrimination against plaintiff, a handicapped person, in violation of the Fair Housing Act (42 USC § 3601 *et seq.*). Even assuming, arguendo, that defendant violated the Fair Housing Act by refusing to permit the installation of a ramp, railings or other devices on the property (*see* § 3604 [f] [3] [A]), we conclude that the Act was not intended to create "a standard of care in negligence litigation" (*Dance v Town of Southampton,* 95 AD2d 442, 446). Thus, the alleged violation of the Fair Housing Act, even if proved, would not constitute negligence (*see id.* at 445-446). We therefore modify the order accordingly. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.