■ MARIA ENRIGHT, Appellant, v JAMES BRYNE et al., Respondents. [799 NYS2d 259]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated March 29, 2004, which, upon denying her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action arose out of a motor vehicle accident that occurred when a bus operated by the defendant James Byrne and owned by the defendant Inter-County Motor Coach, upon which the plaintiff was a passenger, collided with another vehicle in the Gardiner Manor Mall parking lot in Bay Shore. The jury returned a verdict finding that Byrne was not negligent in his operation of the bus. After the court denied the plaintiff's motion to set aside the verdict as against the weight of the evidence, judgment was entered dismissing the complaint.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Garrett v Manaser,* 8 AD3d 616 [2004]; *Aprea v Franco,* 292 AD2d 478 [2002]). The determination of the jury, which observed the witnesses and the evidence, is entitled to great deference (*see Hernandez v Carter & Parr Mobile,* 224 AD2d 586 [1996]).

Based on the evidence presented at trial, the jury reasonably concluded that Byrne was not negligent in his operation of the bus. As the jury's verdict was supported by a fair interpretation of the evidence, we decline to disturb it. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.