■ JUANA ITHIER, Appellant, v KEVIN HARNDEN, JR., et al., Respondents. [837 NYS2d 881]—Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered October 28, 2005 in a personal injury action. The order, among other things, denied plaintiff's motion seeking to set aside the jury verdict and seeking judgment in plaintiff's favor or, alternatively, a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion seeking to set aside the verdict in favor of defendants and seeking judgment in plaintiff's favor or, alternatively, a new trial. We agree with defendants that plaintiff is not entitled to judgment as a matter of law because the evidence raised "issues of fact and credibility to be resolved by the jury" (*Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366, 366 [1985]), and there is a valid line of reasoning and permissible inferences that could lead rational persons to the jury's conclusion, based on the evidence at trial, that Kevin Harnden, Jr. (defendant) was not negligent (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The court also properly refused to set aside the jury verdict as against the weight of the evidence and to grant a new trial because a fair interpretation of the evidence supports the verdict (*see Teneriello v Travelers Cos.*, 264 AD2d 772 [1999], *lv denied* 94 NY2d 758 [2000]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Although we agree with plaintiff that the court erred in allowing the police officer who investigated the accident to testify with respect to defendant's self-serving hearsay statement (*see Casey v Tierno*, 127 AD2d 727, 728 [1987]; *Depena v*

*Metropolitan Ambulance & First Aid Corp.*, 1 Misc 3d 13, 14 [2003]), we conclude that the error is harmless (*see generally Beeley v Spencer* [appeal No. 5], 309 AD2d 1303, 1305-1306 [2003]). Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.