■ ELSA TAVAREZ et al., Appellants, v PATRICK OQUENDO et al., Respondents. [869 NYS2d 782]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 17, 2007, upon a jury verdict in defendants' favor, dismissing the complaint, unanimously affirmed, without costs.

The accident in 2003 occurred when the rear of the tow truck driven by defendant Oquendo struck plaintiff Tavarez as she was about to open and enter the driver's door of her parked vehicle. On appeal, plaintiffs take issue with evidentiary rulings of the trial court and elements of its charge.

Plaintiffs complain that two eyewitnesses to the accident were not allowed to estimate the speed of defendant's truck in miles per hour. However, their counsel failed to preserve objection to such alleged error and actually stipulated to ask questions regarding the speed of the vehicle without numerical estimate in miles per hour. Both witnesses testified that the vehicle was "flying" or going "fast," clearly implying that the vehicle was traveling in excess of the appropriate speed for these circumstances. Furthermore, the testimony elicited from the eyewitnesses showed that neither had witnessed the actual impact, and that both had viewed the scene from a considerable distance.

To the extent preserved, there is no merit to plaintiffs' other contentions regarding the jury charge. While there was no explicit reference to a duty to avoid hitting pedestrians, the court clearly conveyed that Oquendo was under a duty of reasonable care in the operation of his vehicle, which would include being aware of his surroundings and taking into account the actual and potential dangers existing from weather, road, traffic and other conditions. The court was not required to specifically charge PJI 2:76, regarding pedestrians walking alongside a roadway.

To the extent the record offers a basis for review, there were no material discrepancies between Oquendo's deposition and his trial testimony.

Finally, the verdict was not against the weight of the evidence. The jury clearly believed Oquendo's version, crediting his testimony that he had traveled past Tavarez at a low rate of speed during a snowstorm, and that it was Tavarez who had "miscalculated," opening her car door just as the truck was passing. The fact that the truck was able to make a complete stop shortly after the impact also undermines the conclusion that it was traveling at an excessive rate of speed. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ.