# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**124**

**CA 11-02557**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

MARIA L. JAOUDE, PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

MATTHEW E. HANNAH, L.P. PARNASSOS AND RITA J.
BIONDO, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

LAWRENCE A. SCHULZ, ORCHARD PARK, FOR PLAINTIFF-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS MATTHEW E. HANNAH AND L.P. PARNASSOS.

HAGELIN KENT LLC, BUFFALO (VICTOR WRIGHT OF COUNSEL), FOR
DEFENDANT-RESPONDENT RITA J. BIONDO.

---------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Donna M. Siwek, J.), entered April 1, 2011 in a
personal injury action. The order and judgment, inter alia, dismissed
plaintiff's complaint on the merits as to all defendants.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages
for injuries she allegedly sustained as a result of a motor vehicle
accident involving defendant Matthew E. Hannah and a second motor
vehicle accident, which occurred approximately 45 minutes later,
involving defendant Rita J. Biondo. At the time of the accident,
Hannah was driving a utility truck owned by his employer, defendant
L.P. Parnassos (Parnassos), during the course of his employment, and
any liability on the part of Parnassos would be vicarious only (*see
generally Fenster v Ellis*, 71 AD3d 1079, 1080).

A jury trial was held during which Biondo conceded that she was
negligent in the operation of her vehicle. Following the trial, the
jury returned a verdict of no cause of action based on its
determination that Hannah was not negligent in the operation of his
vehicle and that plaintiff had not sustained a serious injury as a
result of the accident with Biondo. Plaintiff appeals from an order
and judgment that, inter alia, denied her motion seeking to set aside
the verdict as against the weight of the evidence or, in the
alternative, seeking judgment notwithstanding the verdict on the
issues of negligence and causation. We reject plaintiff's contention

that Supreme Court erred in denying her motion.

"A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence" (*Enright v Bryne*, 20 AD3d 549, 549; *see Garrett v Manaser*, 8 AD3d 616, 616; *Aprea v Franco*, 292 AD2d 478, 478). "The determination of the jury, which observed the witnesses and the evidence, is entitled to great deference" (*Enright*, 20 AD3d at 549; *see Hernandez v Carter & Parr Mobile*, 224 AD2d 586, 587).

We conclude that the verdict with respect to Hannah was not against the weight of the evidence. Plaintiff's accident with Hannah occurred shortly after a significant snowstorm, which resulted in extensive tree damage, as well as power and overhead utility line damage. Hannah was in the process of backing out of a driveway when his vehicle collided with plaintiff's vehicle. Hannah testified that, as he was backing up, he was driving at a rate of speed of between one and two miles per hour and had engaged the rear back-up lights and alarm, as well as two flashing yellow beacon lights located on the truck's roof. He also testified that his line of sight was obstructed by piles of tree branches and snow on both sides of the driveway. Plaintiff testified that she never saw Hannah's vehicle prior to the collision. Thus, based on the evidence presented at trial, the jury could reasonably conclude that Hannah was not negligent in his operation of the utility truck. Inasmuch as the jury's verdict with respect to Hannah was supported by a fair interpretation of the evidence, we decline to disturb it. We also conclude that the verdict with respect to Biondo was not against the weight of the evidence. It cannot be said that the evidence regarding plaintiff's alleged serious injury preponderates so heavily in plaintiff's favor that the verdict with respect to that issue could not have been reached on any fair interpretation of the evidence (*see Lopreiato v Scotti*, 101 AD3d 829, 829-830).

Contrary to plaintiff's alternative contention with respect to Hannah, she was not entitled to judgment notwithstanding the verdict on the issue of Hannah's alleged negligence (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499). Contrary to plaintiff's alternative contention with respect to Biondo, she was not entitled to judgment notwithstanding the verdict determining that, as a result of the accident, she sustained a serious injury. Given the conflicting testimony of plaintiff's experts and defendants' expert on the issues whether plaintiff sustained a serious injury and the causation of her alleged injuries, it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*id.* at 499; *see Pawlaczyk v Jones*, 26 AD3d 822, 823, *lv denied* 7 NY3d 701).

Finally, we reject plaintiff's contention that the court committed reversible error by permitting the attorney for Hannah and Parnassos to cross-examine plaintiff using physical therapy and medical records that were not in evidence. Even assuming, arguendo,

that the court erred in permitting that line of questioning, we conclude that the error "would not have affected the result" of this action and that any such error therefore is harmless (*Palmer v Wright & Kremers*, 62 AD2d 1170, 1170; *see Cook v Oswego County*, 90 AD3d 1674, 1675).