■ GREGORY G. GUZEK, Appellant, v B & L WHOLESALE SUPPLY, INC., et al., Respondents. (Appeal No. 1.) [57 NYS3d 790]—

Appeal from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 21, 2015. The judgment, entered upon a jury verdict of no cause of action, dismissed the complaint.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries that he allegedly sustained as the result of a multi-vehicle collision. On a prior appeal, we, inter alia, affirmed that part of an order that denied defendants' motion for summary judgment dismissing the complaint (*Guzek v B & L Wholesale Supply, Inc.*, 126 AD3d 1506, 1507 [2015]), and the matter proceeded to trial. In appeal No. 1, plaintiff appeals from a judgment, entered upon a jury verdict of no cause of action, dismissing the complaint, and in appeal No. 2, he appeals from an order denying his posttrial motion to set aside the verdict as against the weight of the evidence. Initially, we note that the appeal from the judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, and thus the appeal from the order in appeal No. 2 must be dismissed (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435 [1989]; *see also* CPLR 5501 [a] [1]).

The evidence at trial establishes that the accident occurred on William Street in the Town of Cheektowaga. Plaintiff's vehicle was stopped at a traffic signal, in the right of the two

westbound lanes. A vehicle operated by former defendant Garret Butlak was stopped immediately behind plaintiff's vehicle. Behind Butlak's vehicle was an intersection with a side street, and a Jeep Grand Cherokee was stopped on William Street, behind Butlak's vehicle but across the side street. A vehicle driven by an unidentified person began to edge out of the side street and started to cross William Street, then paused briefly between Butlak's vehicle and the Grand Cherokee. The unidentified driver suddenly spun the vehicle's tires and drove across several lanes of traffic in front of a pickup truck owned by defendant B & L Wholesale Supply, Inc., and operated by defendant Robert D. Patkalitsky, which was proceeding westbound in the left lane of William Street. Patkalitsky swerved to the right to avoid the unidentified driver's vehicle, but he lost control of the pickup, slid, and struck the rear of Butlak's vehicle, propelling it into the rear of plaintiff's vehicle. There was conflicting trial testimony regarding how heavily it was snowing and how much snow was on the roadway at the time of the accident.

We reject plaintiff's contention that Supreme Court abused its discretion in granting defendants' motion to preclude parts of the testimony of plaintiff's expert on the ground that plaintiff failed to comply with the disclosure requirements in CPLR 3101 (d). "It is within the sound discretion of the trial court to determine whether a witness may testify as an expert and that determination should not be disturbed in the absence of serious mistake, an error of law or abuse of discretion" (*Harris v Seager*, 93 AD3d 1308, 1309 [2012] [internal quotation marks omitted]). Given the deficiencies in plaintiff's expert disclosure, we perceive no abuse of the court's discretion in this case (*see id.*). We note that the court granted defendants' motion immediately after granting plaintiff's motion to preclude the testimony of defendants' expert on the cause of the accident, based upon nearly identical deficiencies in defendants' expert disclosure (*see generally Stark v Semeran* [appeal No. 2], 244 AD2d 894, 894 [1997], *lv dismissed* 91 NY2d 956 [1998]).

We also reject plaintiff's contention that the court erred in permitting the driver of the Grand Cherokee to provide a general estimate of the speed of defendants' vehicle as it passed him. It has long been the rule that "[a]n estimate of the speed at which an automobile is moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is well settled that any person of ordinary ability and intelligence having the means or opportunity of observation is competent to testify as to the rate of speed of

such a vehicle" (*Marcucci v Bird*, 275 App Div 127, 129 [1949]; *see Lo Faso v Jamaica Buses*, 63 AD2d 998, 998 [1978]; *see generally Tavarez v Oquendo*, 58 AD3d 446, 446 [2009], *lv denied* 13 NY3d 703 [2009]).

We agree with plaintiff that the court erred in admitting a prior consistent statement by Patkalitsky in evidence (*see Sansevere v United Parcel Serv.*, 181 AD2d 521, 524 [1992]; *see also People v McClean*, 69 NY2d 426, 428 [1987]), and in permitting the driver of the Grand Cherokee to express the opinion that Patkalitsky operated defendants' vehicle safely (*see generally Van Scooter v 450 Trabold Rd.*, 206 AD2d 865, 866 [1994]). Nevertheless, we conclude that those errors are harmless inasmuch as we are " 'satisfied that the result would have been the same even if the evidence had not been improperly admitted' " (*Palmer v Wright & Kremers*, 62 AD2d 1170, 1171 [1978]; *see Jaoude v Hannah*, 104 AD3d 1272, 1274 [2013], *lv denied* 22 NY3d 852 [2013]; *Ithier v Harnden*, 41 AD3d 1198, 1198-1199 [2007]).

Contrary to plaintiff's further contention, the court properly granted defendants' request for an instruction on the emergency doctrine. It is well settled that, in determining whether to give such a charge, the court must view "the evidence in the light most favorably toward giving the requested emergency doctrine instruction to the jury" (*Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924 [1996]; *see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326 [1991], *rearg denied* 77 NY2d 990 [1991]). It is also well settled that where, as here, a "reasonable view of the evidence establishes that an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury" (*Kuci*, 88 NY2d at 924). Based on the evidence summarized above, we agree with defendants that the court properly gave the charge (*see Steuer v Town of Amherst*, 300 AD2d 1104, 1106 [2002]).

Plaintiff further contends that the court erred in denying his posttrial motion to set aside the verdict as against the weight of the evidence because Patkalitsky was not confronted with an emergency. We reject that contention. It is well established that "[a] motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746

[1995]). Here, there was no such preponderance of the evidence in favor of plaintiff. To the contrary, the jury could have concluded upon a fair interpretation of the evidence that Patkalitsky was proceeding with the right-of-way, and that Patkalitsky was therefore entitled to assume that the operator of the crossing vehicle would obey the traffic laws requiring that she yield the right-of-way to him (*see Dinham v Wagner*, 48 AD3d 349, 349-350 [2008]; *Platt v Wolman*, 29 AD3d 663, 663 [2006]). Moreover, based on the limited time in which Patkalitsky could view the crossing vehicle and its sudden acceleration across the roadway from between stopped vehicles, the jury could conclude that his reactions were reasonable under the circumstances (*see generally DiSalvo v Hiller*, 2 AD3d 1386, 1387 [2003]).

We have considered plaintiff's remaining contentions, and we conclude that they do not require reversal of the judgment. Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.