Redmond v Redmond (2018 NY Slip Op 05417)





Redmond v Redmond


2018 NY Slip Op 05417


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


768 CA 18-00153

[*1]HOLLY M. REDMOND, PLAINTIFF-APPELLANT,
v
DENIS M. REDMOND AND CANDACE G. REDMOND, DEFENDANTS-RESPONDENTS. 






MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 12, 2017. The order, among other things, granted the motion of defendants to strike plaintiff's expert witness disclosure and precluded plaintiff's expert witness from testifying at trial. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motion seeking to strike plaintiff's expert witness disclosure and to preclude plaintiff's expert witness from testifying at trial regarding the 2010 Residential Code of New York State and the 2007 American National Standard Institute/National Spa and Pool Institute standard for aboveground/onground residential swimming pools, and reinstating the expert witness disclosure to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries she allegedly sustained by striking her head on the bottom of an aboveground swimming pool after sliding head first down a water slide. Plaintiff alleges that defendants were negligent with respect to the construction, ownership, use and control of their swimming pool and its component parts. Plaintiff's expert witness disclosure indicated that plaintiff's aquatic safety expert would testify that defendants' installation of a water slide on their aboveground swimming pool violated 16 CFR part 1207, which provides safety standards for swimming pool slides issued by the Consumer Product Safety Commission; the 2007 American National Standard Institute/National Spa and Pool Institute standard for aboveground/onground residential swimming pools (ANSI/NSPI-4); the Residential Code of New York State; and the Village of Wilson Zoning Law § 170-23. Defendants moved in limine seeking to strike plaintiff's expert witness disclosure and preclude the expert from testifying at trial. Supreme Court granted defendants' motion, and plaintiff appeals.
Initially, we note that the order granting defendants' motion in limine is appealable because "the order in question is [a]n order deciding . . . a motion [that] clearly involves the merits of the controversy . . . and affects a substantial right' " (Muhammad v Fitzpatrick, 91 AD3d 1353, 1353-1354 [4th Dept 2012]; see Sisemore v Leffler, 125 AD3d 1374, 1375 [4th Dept 2015]). With respect to the merits, we agree with plaintiff that the expert witness disclosure provides defendants with "sufficient notice" of the theories on which the expert will testify at trial and of the specific standards upon which the expert's opinion is based (Maldonado v Cotter, 256 AD2d 1073, 1074 [4th Dept 1998]; cf. Bax v Allstate Health Care, Inc., 26 AD3d 861, 864 [4th Dept 2006]), and defendants therefore will be neither "surprise[d] [n]or prejudice[d]" by the expert testimony (Maldonado, 256 AD2d at 1074; see generally Hunter v Tryzbinski, 278 AD2d 844, 844-845 [4th Dept 2000]). Indeed, the expert witness disclosure included the expert's notes and opinions, as well as the expert's application of each of the standards to the facts of this case.
Nonetheless, we conclude that the court properly granted those parts of the motion seeking to strike the expert witness disclosure and to preclude the expert from testifying with respect to 16 CFR part 1207 and the Village of Wilson Zoning Law § 170-23. " It is within the sound discretion of the trial court to determine whether a witness may testify as an expert and that determination should not be disturbed in the absence of serious mistake, an error of law or abuse of discretion' " (Guzek v B & L Wholesale Supply, Inc., 151 AD3d 1662, 1663 [4th Dept 2017]). Part 1207, which "sets forth the consumer product safety standard . . . for the manufacture and construction of slides for use in swimming pools," is inadmissible as evidence of negligence in this case (16 CFR 1207.1 [a]). By its terms, that regulation creates a duty for slide manufacturers, not for private homeowners, and it therefore was "not intended to create a standard of care in [a] negligence litigation' " such as this (Hand v Gilbank, 300 AD2d 1067, 1068 [4th Dept 2002]). We also reject plaintiff's contention that defendants' alleged violation of the Village of Wilson Zoning Law § 170-23 is admissible as "some evidence" of defendants' negligence here inasmuch as that section does not relate to swimming pool slides and thus does not apply to this case (Elliott v City of New York, 95 NY2d 730, 735 [2001]).
We agree with plaintiff, however, that the court erred in granting that part of the motion to strike the expert witness disclosure and to preclude the expert from testifying with respect to the 2010 Residential Code of New York State (Residential Code) and the ANSI/NSPI-4 standard for aboveground residential swimming pools, and we therefore modify the order accordingly. Section 1.2 of that standard provides that "[a]boveground/onground residential swimming pools are for swimming and wading only. No . . . slides or other equipment are to be added to an aboveground/onground pool that in any way indicates that an aboveground/onground pool may be used or intended for . . . sliding purposes," and the ANSI/NSPI-4 standard is incorporated in the Residential Code that was in effect at the time of plaintiff's accident (see 2010 Residential Code of New York State §§ R102.6, G109.1). Inasmuch as the ANSI/NSPI-4 standard applies only to residential pools, and the Residential Code applies to family dwellings (see Residential Code § R101.2), we conclude that the Residential Code section adopting the ANSI/NSPI-4 standard applies to private homeowners. Thus, we further conclude that plaintiff's expert may properly rely on any violation of the ANSI/NSPI-4 standard as "some evidence" of defendants' negligence (Elliott, 95 NY2d at 735; see generally Executive Law § 106).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court