■ RENEE HERSHKOWITZ et al., Appellants, v SAINT MICHEL, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered April 21, 1987, which, upon a jury verdict, is in favor of the defendant and against them on the issue of liability.

Ordered that the judgment is affirmed, with costs.

Based upon the totality of the evidence adduced at trial, we find that the jury's verdict was not against the weight of the evidence. The plaintiff Renee Hershkowitz was injured when she stepped on a straight pin in the dressing room of a clothing store. The evidence proffered by the defense suggested that the injury actually occurred in a different establishment. Renee Hershkowitz's testimony was equivocal with respect to the interior of the store in which she was injured.

It cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence presented *(see, Nicastro v Park,* 113 AD2d 129, 134). Given the conflicting testimony as to the physical description of the store in which the accident occurred, the jury quite reasonably and rationally concluded that Mrs. Hershkowitz stepped on a straight pin in the dressing room of a store other than that owned by the defendant. The issue of credibility was resolved against the plaintiffs by the jury whose determination is supported by a fair interpretation of the evidence. As such, it should not be disturbed on this appeal *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716, *lv denied* 69 NY2d 605; *Sheps v Hall & Co.,* 112 AD2d 281, 283; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431).

The plaintiffs were not entitled to a missing witness charge with respect to former employees of the defendant *(see, Noce v Kaufman,* 2 NY2d 347, 353; PJI 1:75). No negative inference may properly be drawn from a party's failure to call a former employee, as such a person is not within the party's control *(see, Seligson, Morris & Neuburger v Fairbanks Whitney Corp.,*

22 AD2d 625; *see generally,* 57 NY Jur 2d, Evidence and Witnesses, § 127). Additionally, it appears that the plaintiffs' failure to discover the identity of the former employees is directly attributable to their own inaction.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.