■ RANDOLPH A. ZEECK et al., Respondents, v MELINA TAXI Co., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered July 7, 1989, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $63,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On July 2, 1986, a 1977 Volkswagen automobile, driven by the plaintiff Randolph A. Zeeck, was involved in a collision with a taxicab driven by Hadji Baraj, also referred to as Haji Baray, and owned by the defendant Melina Taxi Co. (hereinafter Melina). The accident occurred at the intersection of 42nd Street and 9th Avenue in Manhattan. As a result of the

accident, the plaintiff Randolph A. Zeeck suffered serious personal injuries to his head, body and limbs. The injured plaintiff and his wife commenced the underlying action against Melina on or about July 31, 1986. The driver Baraj was not named as a defendant.

At the liability portion of the bifurcated jury trial, Melina failed to call Baraj to testify on its behalf. The plaintiffs requested that the jury be given a missing witness instruction with respect to Baraj. The court, noting that Baraj had been a lessee of Melina, and that no explanation had been offered for his absence, indicated that it was inclined to grant this request. The court indicated its intent to submit to the jury, as a question of fact, the issue of whether Baraj was in Melina's control. The court then granted Melina's request for an opportunity to call a witness to testify with respect to the efforts made to find Baraj.

Max Engel, an agent of Melina, testified that Baraj ceased operating a Melina taxicab on October 13, 1986, more than two and one-half years prior to the commencement of trial. In 1987, Engel was asked to ascertain the whereabouts of Baraj. Upon calling Baraj's last known telephone number, Engel was informed that Baraj had moved to Washington, D.C. Shortly before trial, Engel again telephoned that number and ascertained that the telephone had been disconnected.

As part of its charge, the court gave the following instruction:

"There's no duty on any party to call any particular person as a witness * * * However, if you find that a witness was in a position to give relevant evidence on the side of [Melina], and [Melina] has offered no reasonable explanation for failing to call such a witness, you may infer, if you deem it proper to do so, that the testimony of the uncalled person would not contradict the opposing evidence or would not support [Melina's] version of the case, and you may also draw the strongest inference against [Melina] that the opposing evidence permits.

"In this light, you may consider the failure of [Melina] to call a driver of the vehicle that was in the accident. However, I must give you a very serous warning. If that witness does not reside in New York State, there is no obligation to produce him. Because, as has been told to you, the subpoena power does not extend beyond our borders, and the burden that the witness was within the jurisdiction is on the plaintiff".

The jury ultimately found Melina liable to the plaintiffs.

A missing witness charge should be given where the witness, who has not been called, is under a party's control and is in a position to give substantial, not merely cumulative, evidence *(Chandler v Flynn,* 111 AD2d 300, 301). " 'Control' is used in a very broad sense and includes a witness under the influence of a party as well as one under a party's employment or management * * * or one whom it 'may be naturally inferred * * * [is] of good will to the party, such as * * * his physician' " *(Chandler v Flynn, supra,* at 301, quoting from *Reehil v Fraas,* 129 App Div 563, 566, *revd on other grounds* 197 NY 64). The burden is on the party opposing the inference to establish that the witness is not available or under his control *(Mashley v Kerr,* 47 NY2d 892). We conclude that Melina has sustained that burden in the instant case.

Proof that a witness is beyond the jurisdiction of the court is ordinarily sufficient to bar the inference as a matter of law (1 NY PJI 1:75, comment, at 69). A nonparty, nondomiciliary witness is clearly not subject to the subpoena power of the court *(Sarac v Bertash,* 148 AD2d 436, 437). No negative inference can be drawn from a party's failure to call a former employee inasmuch as such a person is not within that party's control *(Hershkowitz v Saint Michel,* 143 AD2d 809).

In view of the fact that Baraj's employment had terminated well before the commencement of trial, and given the testimony that he was beyond the jurisdiction of the court, it was error to have given a missing witness charge. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new trial.

We note that the bill of particulars was properly amended to include reference to "chronic synovitis and the natural sequela of the chronic synovitis". It is clear from the record that, although there was a substantial delay in making the application to amend the bill of particulars, Melina was not taken by surprise inasmuch as it was aware of the injuries in question. Moreover, the trial court conditioned the amendment upon Melina's being entitled to further discovery and on the injured plaintiff's making himself available for a physical examination by a doctor of Melina's choice. Under the circumstances, Melina suffered no prejudice in consequence of the amendment.

In view of this determination, Melina's remaining contentions need not be addressed at this juncture. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.