■ HARRY ZWEBEN, Appellant, v CHRISTOPHER D. CASA et al., Respondents. [793 NYS2d 491]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), entered October 9, 2003, which, upon a jury verdict finding that he did not sustain a serious injury, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985] [internal quotation marks omitted]; *see Aprea v Franco*, 292 AD2d 478, 479 [2002]). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile*, 224 AD2d 586, 587 [1996]). In this case, the jury verdict, finding that the plaintiff did not sustain a serious injury in the subject motor vehicle accident, was supported by the testimony of the defendants' medical expert that the symptoms experienced by the plaintiff were attributable to a chronic degenerative condition and not to trauma. As the jury's verdict was supported by a fair interpretation of the evidence, we decline to disturb it.

There is no merit to the plaintiff's additional claim that he was entitled to a missing witness charge. A party is entitled to such a charge "only where an uncalled witness bearing information on a material issue would be expected to provide noncumulative testimony favorable to the opposing party and is under the control of and available to that party" (*Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 949 [1993]; *see Godfrey v Dunn*, 190 AD2d 896, 897 [1993]; *cf. Placakis v City*

*of New York,* 289 AD2d 551, 552 [2001]). The plaintiff failed to establish that the uncalled witness would provide noncumulative testimony in this case.

The plaintiff's remaining contention is without merit. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.