■ RONNIE POPE et al., Respondents, v 818 JEFFCO CORP., Respondent, and BYUNG HO RAH, Appellant. [904 NYS2d 149]—

In an action to recover damages for personal injuries, the defendant Byung Ho Rah appeals from so much of an order of Supreme Court, Kings County (Kramer, J.), dated November 6, 2008, as granted those branches of the motion of the defendant 818 Jeffco Corp. pursuant to CPLR 4404 (a) which were to set aside a jury verdict against it and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant 818 Jeffco Corp. by the plaintiffs and the defendant Byung Ho Rah.

The defendant 818 Jeffco Corp. (hereinafter Jeffco) owned a building at 820 Nostrand Avenue, in Kings County. The defendant Byung Ho Rah leased space in the building and operated a fruit and vegetable store on the first floor. The plaintiffs resided in an apartment on the second floor. On January 12, 2004, the plaintiffs were injured in their apartment by exposure to carbon monoxide. As the evidence at trial later established, the carbon monoxide was released when a flue pipe was dislodged from a water heater in the building's basement. There was evidence that Rah or his employees, who used the basement for storage, had stacked boxes near or against the water heater, and that the boxes had fallen against the flue pipe, dislodging it. The plaintiffs commenced this action against Jeffco and Rah. Following a unified trial on the issues of liability and damages, the jury found Jeffco 70% at fault in the happening of the accident and Rah 30% at fault.

Jeffco moved pursuant to CPLR 4404 (a) to set aside the jury verdict against it and for judgment as a matter of law or, in the alternative, a new trial. It contended that the Supreme Court erred both in giving a missing witness charge as to a former employee of Jeffco and by giving a charge related to 24 RCNY 131.05 (hereinafter the inspection charge), pertaining to the duty of landlords to inspect gas appliances. The plaintiffs and Rah opposed the motion. In the order appealed from, without addressing the claim relating to the inspection charge, the Supreme Court concluded that it had erred in delivering the missing witness charge. On that basis, the Supreme Court granted those branches of Jeffco's motion pursuant to CPLR 4404 (a) which were to set aside the verdict against it and for a new trial. Rah appeals, and we affirm the order insofar as appealed from.

"A missing witness charge should be given where the witness, who has not been called, is under a party's control and is in a position to give substantial, not merely cumulative, evidence" (*Zeeck v Melina Taxi Co.*, 177 AD2d 692, 694 [1991]; *see People*

v Gonzalez, 68 NY2d 424, 428 [1986]). It is undisputed that, at the time of trial, Chung Ho, the former superintendent of the premises, was no longer employed by Jeffco. Consequently, he was not under Jeffco's control (see Coliseum Towers Assoc. v County of Nassau, 2 AD3d 562, 565 [2003]; Zeeck v Melina Taxi Co., 177 AD2d at 694; Hershkowitz v Saint Michel, 143 AD2d 809 [1988]). Moreover, we agree with the Supreme Court that, under the circumstances of this case, the Supreme Court's error in giving a missing witness charge as to Ho was not harmless inasmuch as it cannot be determined if any inference drawn against Jeffco for failing to call Ho as a witness contributed to the jury's finding that Jeffco was 70% at fault in the happening of the accident.

To the extent that Jeffco raises issues concerning the Supreme Court's denial of that branch of its motion which was for judgment as a matter of law, we note that Jeffco has not appealed from the order and, therefore, these issues are not properly before us.

In light of our determination, we need not address Jeffco's remaining contention. Fisher, J.P., Santucci, Miller and Lott, JJ., concur.