■ PRG Brokerage Inc., Respondent-Appellant, v Aramarine Brokerage, Inc., Appellant-Respondent. [968 NYS2d 439]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 2, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on its claims for breach of contract and unjust enrichment; denied defendant's motion for summary judgment on its constructive trust counterclaim, granted plaintiff's cross motion for summary judgment dismissing that counterclaim, and denied the cross motion for summary judgment dismissing defendant's counterclaim for an accounting; and granted plaintiff's cross motion to strike from the record a mediation memorandum, unanimously affirmed, with costs.

The court properly rejected plaintiff's breach of contract and unjust enrichment claims. As found by the motion court, plaintiff failed to demonstrate that the contract between the parties entitled it to any portion of the commissions paid to defendant by nonparty Highlands. In fact, the record supports the opposite conclusion; that is, that plaintiff was well aware that the money paid by Highlands constituted only defendant's portion of collected commissions. The unjust enrichment claim was also properly dismissed because where, as here, "the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded" and "[o]nly where the contract does not cover the dispute in issue may a plaintiff proceed upon a quasi-contract theory of unjust enrichment" (*Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 10 [1st Dept 2012] [internal quotation marks and citations omitted]).

Defendant's constructive trust claim was also properly dismissed, since defendant failed to establish that plaintiff had

no right to collect the fees at issue, or, more importantly, that defendant had a right to share in the allegedly inappropriately charged fees (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Sharp v Kosmalski*, 40 NY2d 119 [1976]). However, defendant's claim for an accounting of second-year premiums is viable and may proceed.

Consideration by the court of plaintiff's cross motion "was not erroneous, even though it was served after the 120-day cutoff [because such] motion was largely based on the same arguments raised in [defendant's] timely motion, and the same findings" could be used to find or reject judgment in favor of both parties (*see Altschuler v Gramatan Mgt., Inc.*, 27 AD3d 304, 304-305 [1st Dept 2006] [citations omitted]).

Finally, the court properly excluded the mediation memorandum, which was created by plaintiff in a prior litigation for purposes of settlement discussions. The central question for the court was why defendant sought to admit the mediation statement. If it was being offered because it contained a factual admission by plaintiff, that use would be allowed, whether or not "the statement [wa]s contained in a settlement document" (*Central Petroleum Corp. v Kyriakoudes*, 121 AD2d 165, 165 [1st Dept 1986], *lv dismissed* 68 NY2d 807 [1986] [allowing the use of a settlement document for purposes of defendant's admission that it had been properly served]). If, however, the mediation statement was "prepared [solely for purposes of] settlement discussions" and thus was not being offered for its factual content, admission would have been improper (*D.B. Zwirn Special Opportunities Fund, L.P. v Brin Inv. Corp.*, 96 AD3d 447, 448 [1st Dept 2012] [excluding spreadsheet prepared for settlement discussions], citing CPLR 4547).

Here, the court properly found that defendant did not seek to introduce the mediation statement because it admitted some fact, like the proper service admission in *Central Petroleum* (121 AD2d 165). Rather, defendant sought to utilize numbers and calculations "prepared [solely for purposes of] settlement discussions," like the spreadsheet in *D.B. Zwirn* (96 AD3d at 448).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.