An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WOODLANDS COMMERCIAL BANK
F/K/A LEHMAN BROTHERS
COMMERCIAL BANK, A FOREIGN
CORPORATION,
Appellant,
vs.
THE STATE OF NEVADA, BOARD OF
FINANCE; AND KATE MARSHALL, IN
HER CAPACITY AS TREASURER OF
THE STATE OF NEVADA,
Respondents.

No. 61634

FILED

JUL 31 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a declaratory relief and contract action. First Judicial District Court, Carson City; James E. Wilson, Judge.

Having considered the parties' arguments and the record, we conclude that Section 7.6 of the Forward Delivery Agreement unambiguously permitted respondents to terminate the Agreement without paying appellant the Termination Value. *See Beal Sav. Bank v. Sommer*, 865 N.E.2d 1210, 1213 (N.Y. 2007) ("Construction of an unambiguous contract is a matter of law . . . ."); *Lake Constr. & Dev. Corp. v. City of New York*, 621 N.Y.S.2d 337, 338 (App. Div. 1995) ("[O]n a motion for summary judgment, the construction of an unambiguous contract is a question of law for the court to pass on . . . ."). In particular, but among other reasons, Section 7.6 would be rendered superfluous if respondents were still required to comply with Section 2.7 in the event that they terminated the Agreement based on a downgrade in the

Provider's rating. *See Beal*, 865 N.E.2d at 1213 ("A reading of the contract should not render any portion meaningless.").

The district court therefore properly granted summary judgment in favor of respondents.[1] *See Lake Constr. & Dev. Corp.*, 621 N.Y.S.2d at 338. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. James E. Wilson, District Judge
Ara H. Shirinian, Settlement Judge
Ballard Spahr, LLP
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk

---

[1]In light of the parties' contract, summary judgment was also proper with respect to appellant's claim for unjust enrichment. *See Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 113 Nev. 747, 755-56, 942 P.2d 182, 187 (1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."); *see also PRG Brokerage Inc. v. Aramarine Brokerage, Inc.*, 968 N.Y.S.2d 439, 441 (App. Div. 2013) (same).

SUPREME COURT
OF
NEVADA

(O) 1947A