Matter of Chi-Chuan Wang (2018 NY Slip Op 04090)





Matter of Chi-ChuanFile Wang


2018 NY Slip Op 04090


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6804 2550B/03

[*1]In re Estate of Chi-Chuan Wang, Deceased.
Andrew Wang, et al., Petitioners/Proponents-Appellants,
v
Yien Koo Wang King, Respondent/Objectant-Respondent.


Kamerman, Uncyk, Soniker & Klein P.C., New York (Akiva Meir Cohen of counsel), for appellants.
Sam P. Israel P.C., New York, for (Sam P. Israel of counsel), for respondent.



Decree, Surrogate's Court, New York County (Rita Mella, S.), entered May 9, 2017, which, upon a jury verdict, denying probate to an instrument dated February 18, 2003, dismissing proponents-appellants' cross petition, and revoking the preliminary letters issued to Andrew Wang, and bringing up for review an order, same court (Kristin Booth Glen, S.), entered April 20, 2010, which denied proponents' motion for summary judgment, unanimously affirmed, with costs.
The court properly denied proponents' motion for summary judgment, finding that objectant raised triable issues of fact as to decedent's testamentary capacity when he executed the Codicil and 2003 Will, and as to undue influence and fraud (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Eastman, 63 AD3d 738, 740 [2d Dept 2009]).
A jury verdict may not be set aside unless it plainly appears that the evidence so preponderates in favor of the losing side that it could not have been reached on any fair interpretation of the evidence. The evidence before the jury must be viewed in the light most favorable to the successful party and must be sufficient as a matter of law to sustain the verdict as to each specific question submitted to the jury
(see Matter of S. Kornblum Metals Co. v Intsel Corp., 38 NY2d 376, 379 [1976]).
Here, proponents challenge the documents and testimony admitted into evidence concerning settlement negotiations in Shanghai at which proponent provided objectant with paintings he denied having taken from decedent's bank vault. Although CPLR 4547 precludes presentation of evidence of settlement negotiations, it expressly exempts exclusion of evidence, which is otherwise discoverable, solely because such evidence was presented during the course of settlement negotiations.
The list of paintings that was signed by proponent as part of the settlement conference in Shanghai was admitted into evidence because it included a factual admission that proponent possessed a painting that he accused objectant of stealing. Thus, its use at trial was permissible, notwithstanding that the factual statement was contained in a settlement document (see PRG Brokerage Inc. v Aramarine Brokerage, Inc., 107 AD3d 559, 560 [1st Dept 2013]).
Proponents also challenge the court's missing witness charge with respect to two of decedent's treating doctors in the hospital and the attorney who drafted the will. The court did not improvidently exercise its discretion in providing a missing witness charge with respect to decedent's treating doctors. The court's missing witness charge with respect to the attorney, Jerome Kamerman, was in error. Mr. Kamerman was living in Florida at the time of trial and was unavailable to proponents (see Zeeck v Melina Taxi Co., 177 AD2d 692, 694 [1st Dept 1991] [Proof that a witness is beyond the jurisdiction of the court is ordinarily sufficient to bar the [*2]inference as a matter of law]; People v Gonzalez, 68 N.Y.2d 424, 428 [1986]). In light of the testimony at trial regarding decedent's testamentary capacity, we find the error to be harmless as a matter of law (see CPLR 2002; Nestorowich v Ricotta, 97 NY 2d 393 [2002] ["viewing the charge as a whole, and in light of the evidence presented, counsel's arguments and the otherwise proper jury instructions, there is no indication that the error in judgment' charge clouded the issue or negatively influenced the jury's determination"]).
Finally, proponents challenge the testimony of objectant's expert because his opinion was based in part on conversations with objectant regarding decedent's mental capacity. A psychiatrist's opinion may be received in evidence even though some of the information on which it is based is inadmissible hearsay, if the hearsay is "of a kind accepted in the profession as reliable in forming a professional opinion, or if it comes from a witness subject to full cross-examination on [] trial" (People v Goldstein, 6 NY3d 119, 124 [2005], cert denied 547 US 1159 [2006]). The court properly permitted the expert to testify, despite his conversations with objectant, since she was subject to full cross-examination at trial.
We have considered proponents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK