Gottbetter v Crone Kline Rinde, LLP (2018 NY Slip Op 04677)





Gottbetter v Crone Kline Rinde, LLP


2018 NY Slip Op 04677


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


652715/15 6980 6979

[*1]Paul B. Gottbetter, et al., Plaintiffs-Appellants-Respondents,
v
Crone Kline Rinde, LLP, et al., Defendants-Respondents-Appellants.
CKR Law LLP formerly known as Crone Kline Rinde, LLP, Third-Party Plaintiff-Respondent-Appellant,
Adam Gottbetter, et al., Third-Party Defendants.


Venturini & Associates, New York (August C. Venturini of counsel), for appellants-respondents.
Lawrence E. Tofel, P.C., Brooklyn (Lawrence E. Tofel of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 28, 2016, which, to the extent appealed from, upon plaintiffs' motion to dismiss the counterclaims and to strike certain references in the answer and defendants' motion to disqualify plaintiffs' counsel, ruled on the merits of the complaint, and order, same court and Justice, entered on or about September 23, 2016, as amended by order entered on or about September 30, 2016, which denied plaintiffs' motion to dismiss the counterclaims and strike references to the settlement negotiations from the answer, and denied defendants' motion to disqualify August Venturini as plaintiffs' counsel, unanimously modified, on the law, to vacate any discussion of the merits of the complaint and to grant plaintiffs' motion to dismiss the counterclaims and strike references to the settlement negotiations, and otherwise affirmed, without costs.
The merits of the complaint, including the enforceability of the parties' July 1, 2014 agreement, were not before the motion court, and we therefore vacate the court's statements addressed thereto. We note in addition that, notwithstanding the court's conclusion that "there is a viable claim against [plaintiff Paul Gottbetter] for a breach of the underlying agreement," no counterclaim was asserted against Paul Gottbetter for breach of the agreement.
Contrary to defendants' argument, certain emails at issue constitute settlement communications, and detailed references to those negotiations are inadmissible and therefore must be stricken from the answer (CPLR 4547; PRG Brokerage Inc. v Aramarine Brokerage, Inc., 107 AD3d 559, 560 [1st Dept 2013]). In addition, the first counterclaim must be dismissed because it is predicated upon allegations that Paul Gottbetter waived his rights under the agreement during the course of the settlement discussions. We note that, in any event, the inadmissible communications do not demonstrate such a waiver.
The second counterclaim for fraudulent concealment must be dismissed for failure to state a cause of action. To state a claim for fraudulent concealment, a plaintiff must allege that the defendant had a duty to disclose material information and failed to do so, that the omission was intentional so as to defraud or mislead the plaintiff, that the plaintiff relied on the omission and that the plaintiff suffered damages (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [1st Dept 2003]).
Here, the second counterclaim fails to state a cause of action for fraudulent concealment as it fails to allege that Gottbetter & Partners, LLP had a duty to disclose Adam Gottbetter's guilty plea and then-impending disbarment and incarceration and that CKR Law LLP suffered damages directly resulting from the failure to disclose such information.
Defendants' motion to disqualify plaintiffs' counsel pursuant to the advocate-witness rule was properly denied, since the motion is based on the inadmissible settlement communications.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK