Matter of C.S. (Woodhull Med. & Mental Health Ctr.) (2025 NY Slip Op 50663(U))

[*1]

Matter of C.S. (Woodhull Med. & Mental Health Ctr.)

2025 NY Slip Op 50663(U)

Decided on April 25, 2025

Supreme Court, Kings County

Ward, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2025
Supreme Court, Kings County

In the Matter of the Application of C.S., a Patient 
 Admitted to Woodhull Medical and Mental Health Center, Petitioner, For an Order authorizing the release of said patient 
 from Woodhull Medical and Mental Health Center, Respondent.

Index No. 300578/2025

John O' Hara, Esq.
Mental Hygiene Legal Service
Attorneys for Petitioner C.S.
760 Broadway
Brooklyn, NY 11206
Ammar Chatha, Esq.
Abrams Fensterman, LLP
Attorneys for Respondent Woodhull Medical and Mental Health Center
3 Dakota Drive
Lake Success, NY 11042

Kerry J. Ward, J.

Upon the foregoing papers and after oral argument, pursuant to Mental Hygiene Law (MHL) 9.39, C.S. (C.S. or patient or petitioner), a patient presently residing on a psychiatric unit at Woodhull Hospital Center (Hospital or respondent), represented by Mental Hygiene Legal Services, seeks an Order authorizing her release upon the grounds that she no longer requires treatment. Oral argument occurred on March 19, 2025, during which patient-petitioner, counsel for petitioner, and counsel for Hospital-respondent were present.
 Background
Respondent avers that C.S. suffers from a diagnosis of schizoaffective disorder. She was admitted to Woodhull Hospital's emergency department on March 3, 2025 and then transferred to the inpatient unit on March 17, 2025.
Dr. Cheung, the testifying psychiatrist, testified on behalf of the Hospital in a straightforward and credible manner, and his testimony is credited in its entirety, with the following findings of fact based on such testimony. Dr. Cheung completed a full examination of the patient, reviewed the patient's medical records and consulted with Dr. Walker, the patient's treating psychiatrist, in preparation for the hearing.
Dr. Cheung testified that the patient suffers from a diagnosis of schizoaffective disorder. The patient has had several prior hospitalizations and psychiatric emergency room visits. In this instance, she initially presented at the hospital agitated, aggressive and disorganized, and required the administration of two different medications. The first day in the inpatient unit, the patient's symptoms intensified, exhibiting paranoid behavior, making statements that she believed the hospital was poisoning her, requiring restraints twice in one day, and was noted as loud, disorganized and inappropriate. Dr. Cheung stated that the patient has inappropriately stripped naked on the unit, and has frequently threatened and cursed at the hospital staff, requiring the administration of intramuscular medications on several occasions. The doctor noted that while behaviorally, the patient has shown some improvement since her admission, she has no insight into her mental illness, and as a result, takes her medication inconsistently as she believes she does not need it.
Dr. Cheung stated that overall, if the patient were to be presently released, her prognosis would be poor, she would pose a substantial risk of harm to herself and others, and inpatient care is the least restrictive method of treatment at this time.
At the conclusion of Dr. Cheung's testimony, after the Hospital rested, petitioner's counsel requested an adverse inference charge due to the Hospital's failure to present the patient's treating psychiatrist as an expert witness. During the hearing, Dr. Cheung stated that to his knowledge, Dr. Walker was not sick, on vacation or away from the Hospital; no further details were provided to the Court regarding Dr. Walker's absence.

Adverse Inference Charge: Missing Witness
A missing witness instruction tells a jury that it may "draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Hall, 18 NY3d 122, 131 [2011]). Although a party is not required to call any particular person as a witness, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness (Zeeck v Melina Taxi Co., 177 AD2d 692, 693 [2d Dept 1991]; see also NY Pattern Jury Instr.Civil 1:75).
The preconditions for the missing witness charge, applicable to both criminal and civil trials, are set out as follows: (1) the witness is available to that party; (2) the witness is expected to give noncumulative testimony; (3) the witness's knowledge is material to the trial; and (4) the witness is under the "control" of the party against whom the charge is sought, so that the witness would be expected to testify in that party's favor (Zweben v Casa, 17 AD3d 583, 583 [2d Dept 2005]; also see DeVito v Feliciano, 22 NY3d 159, 165-66 [2013]).
Regarding the application of this rule, Adam K. is particularly instructive. In that case, the psychiatric facility failed to offer the treating psychiatrist for testimony, alleging that while the treating psychiatrist was present at the hospital, they had chosen not to call the treating psychiatrist as a witness to avoid interfering with the relationship between treating psychiatrist and patient. The court held that there could be no professional or ethical rule preventing a treating psychiatrist from testifying, and ultimately determined that the treating physician was not unavailable to testify (Matter of Adam K. v Iverson, 110 AD3d 168, 174 [2d Dept 2013]; see [*2]also Matter of Ladapo, 85 Misc 3d 1235(A) [Sup Ct 2025]). Accordingly, in Adam K., the court concluded that the "missing witness rule" was applicable as the psychiatric center had failed to call an available witness who would be expected to offer noncumulative testimony (id. at 182). The court noted that the treating physician's testimony could hardly be characterized as cumulative as, "[t]he quantity and quality of the information possessed by [the testifying physician and the treating physician] was vastly different" (id.). The court additionally opined that, "a treating psychiatrist, as opposed to reviewing doctors, possesses the greatest knowledge about the patient and information on a material issue raised in the proceeding" (id. at 180).
With regard to the control element of a missing witness instruction, "a treating psychiatrist in the petitioner's employ would normally qualify as an available witness within the petitioner's control" (Matter of Adam K. v Iverson, 110 AD3d 168 [2d Dept 2013]; see also Clarke v Toure, 82 Misc 3d 646 [Sup Ct 2023]; Matter of Vora, — Misc 3d —, 2025 NY Slip Op 50533(U) [Sup Ct Apr. 14, 2025]).
In the Matter of Vora v. C.H.B., this Court, in a recent decision, granted the request for a missing witness charge due to the absence of the treating psychiatrist, as the hospital proffered no explanation as to the availability of the treating doctor (Matter of Vora, — Misc 3d —, 2025 NY Slip Op 50533(U) [Sup Ct Apr. 14, 2025]).
In the case herein, Dr. Cheung stated that to his knowledge, the patient's treating psychiatrist, Dr. Walker, was not sick, on vacation or away from the Hospital; no further details were provided to the Court regarding Dr. Walker's absence. The Hospital did not offer any reasonable explanation for its failure to call the patient's treating psychiatrist to testify. Thus, the Court finds that the Hospital has not proven that the doctor was unavailable within the meaning of case law. Moreover, the treating psychiatrist, Dr. Walker would have been expected to provide more detailed testimony regarding the patient's condition, and could contribute additional information concerning material issues raised in court, thus offering material, as well as noncumulative testimony in favor of the Hospital. The Court further finds that Dr. Walker, the treating psychiatrist, was within the Hospital's control, as he was within their employ.
In consideration of applicable case law, and on the basis that counsel for petitioner has satisfied all of the elements required for an adverse inference charge, their application is hereby granted.
The adverse inference charge states, in part, that the finder of fact may, although is not required to, draw the strongest inference against the party on that question, to the extent deemed appropriate (DeVito v Feliciano, 22 NY3d 159, 165 [2013]; see also Matter of Adam K. v Iverson, 110 AD3d 168 [2d Dept 2013]; Clarke v Toure, 82 Misc 3d 646 [Sup Ct 2023]; NY Pattern Jury Instr.Civil 1:75). The adverse inference charge in its entirety will be considered by the Court in its final determination.
Based on Dr. Cheung's unequivocal and clear testimony, the Court finds that the Hospital has proven by clear and convincing evidence that the patient currently suffers from a mental illness, the patient would pose a substantial risk of harm to herself and others if presently released, and inpatient care is the least restrictive method of treatment at this time (Rueda v Charmaine D., 76 AD3d 443, 444 [1st Dept 2010], affd, Matter of Rueda, 17 NY3d 522 [2011]; see also Mental Hygiene Law § 9.39). The petition for release is hereby DENIED.
This constitutes the Decision and Order of the Court.
Dated: April 25, 2025
E N T E R,
Hon. Kerry J. Ward, A.J.S.C.